STATE v. HENRY LINDSEY.

(Filed 2 June, 1965.)

**1. Automobiles § 59—**

Evidence that defendant, while highly intoxicated, drove his truck off the highway into a ditch and that the truck proceeded along the ditch some 544 feet before striking a bank and stopping, that defendant and his companion were thrown out of the vehicle some 75 feet before it stopped, resulting in fatal injury to the passenger, *held* sufficient to be submitted to the jury and sustain a conviction of involuntary manslaughter, notwithstanding defendant's explanation that he "believed" the steering rods became loose, there being no evidence that the steering mechanism or the brakes were defective.

**2. Automobiles § 72—**

Evidence tending to show that defendant was seen driving his truck some 30 minutes before a highway patrolman reached the scene of the accident, that defendant had then been arrested and was in the custody of a deputy sheriff, that defendant was in a highly intoxicated condition and that no intoxicating liquor was found in or about the vehicle, *is held* sufficient to

support an instruction in regard to the law if defendant at the time of the accident was driving while under the influence of intoxicating liquor.

APPEAL by defendant from *Hall, J.,* October 1964 Session of ROBESON.

Defendant was indicted for manslaughter in connection with the death on February 23, 1964 of Lacy Oxendine. He pleaded not guilty. The State offered evidence. Defendant did not testify but offered evidence. The jury returned a verdict of guilty of involuntary manslaughter. Judgment imposing a prison sentence was pronounced. Defendant excepted and appealed.

*Attorney General Bruton, Assistant Attorney General Brady and Staff Attorney Hornthal for the State.*
*Barrington & Britt for defendant appellant.*

PER CURIAM. Defendant's brief presents only two questions: (1) Did the court err in denying defendant's motion for judgment as of nonsuit? (2) Did the court err in his instructions relating to G.S. 20-138?

There was evidence tending to show the following facts: On Sunday, February 23, 1964, about 12:00 o'clock, defendant was driving his "GMC log truck" in an easterly direction on the Elrod-Purvis Road. Lacy Oxendine was riding with defendant. The hard-surfaced portion of said road was 20 feet wide. South thereof, to defendant's right, there was a dirt (grass covered) shoulder of "about six feet" and south of this shoulder there was a ditch "about 8 or 9 feet wide" and "about 18 inches or two feet" deep. The truck ran onto the south shoulder and, after proceeding thereon for some 15 feet, ran off into the ditch; and, bouncing "from one side of the ditch to the other," proceeded in the ditch a total distance of 544 feet before it struck a bank and stopped. Defendant and Oxendine "both fell out together" on or near the south side of the shoulder at a point 75 feet west of where the truck stopped. When officers arrived, Oxendine, his neck broken, was dead. Defendant was "leaning up against a car," — "heavily under the influence" of intoxicating liquor.

There was no evidence or contention that defendant was driving at excessive speed. The State contends defendant, while "heavily under the influence" of intoxicating liquor, was unable to control his slowmoving truck sufficiently to keep it on the hard-surfaced highway or to bring it under control and stop it after it got into the ditch and was proceeding therein. Testimony that defendant, while en route to jail, told the arresting officer "he believed the steering rods came loose . . . that he got out of control and went in the ditch" is insufficient to exculpate defendant. The truck was upright, on its wheels, when it stopped. It had

not turned over. There was no evidence of any defect in the steering rods. Nor was there evidence of any defect in the brakes.

A person whose culpable (criminal) negligence in the operation of a motor vehicle proximately causes death is guilty of manslaughter at least. The pertinent and oft-stated legal principles are well established. *S. v. Cope*, 204 N.C. 28, 167 S.E. 456; *S. v. Hancock*, 248 N.C. 432, 103 S.E. 2d 491. Based thereon, the evidence, when considered in the light most favorable to the State, *S. v. Orr*, 260 N.C. 177, 179, 132 S.E. 2d 334, was amply sufficient to support a finding that defendant was guilty of involuntary manslaughter.

Defendant challenges the court's instructions relating to G.S. 20-138 on the ground the evidence was insufficient to show defendant was under the influence of intoxicating liquor *at the time* the truck he was driving ran off the road or that his conduct, if a violation of said statute, proximately caused Oxendine's death. The contention is untenable. When State Highway Patrolman Pearce arrived at the scene "about 12:15," defendant had been arrested and was in the custody of Deputy Sheriff Thompson. Thompson was "about two miles" away when he received a radio call. There were five or six people at the scene when Thompson arrived. No intoxicating liquor was found in or about defendant's truck. A witness for defendant testified he had seen defendant and Oxendine in the truck "at about 11:45" — "coming out of Elrod." These circumstances, together with the evidence as to defendant's condition when Thompson and Pearce arrived, constituted ample basis for the court's instructions as to violation of G.S. 20-138 and as to proximate cause.

Presumably, Oxendine and defendant were friends. The evidence indicates another in the long list of tragedies chargeable to the operation of a motor vehicle while under the influence of intoxicating liquor.

No error.