State v. Mobley

Judges BROCK and GRAHAM concur.

———————

STATE OF NORTH CAROLINA v. SAMMIE MOBLEY

No. 7026SC553

(Filed 18 November 1970)

1. Larceny § 4— indictment — identification of items stolen

An indictment charging the larceny of "an undetermined amount of beer, food and money of the value of $25.00 . . . of the said Eve-ning Star Grill" sufficiently identified the items stolen.

2. Criminal Law § 104— motion for nonsuit — consideration of evidence

In passing upon a motion for nonsuit in a criminal case, the court must consider the evidence in the light most favorable to the State and must give the State the benefit of every reasonable inference which may be legitimately drawn therefrom.

3. Larceny § 7; Burglary and Unlawful Breakings § 5— prosecution — sufficiency of evidence

The State's evidence in a breaking and entering and larceny prosecution was sufficient to be submitted to the jury.

**4. Criminal Law § 163— exceptions to the charge**

       Exceptions to the charge which appear only in the purported assignments of error are ineffective to challenge the correctness of the charge.

APPEAL by defendant from *Beal, Special Superior Court Judge,* 12 March 1970 Session of MECKLENBURG Superior Court.

The defendant, Sammie Mobley, was charged in a two-count bill of indictment with breaking or entering and larceny on the night of 30 December 1969, of the Evening Star Grill in Charlotte, North Carolina.

The State's evidence tended to show that the defendant was apprehended while still in the grill but made a temporary escape and was again apprehended within a very short while.

Defendant and one witness testified that they had been drinking and had returned to the witness' house about an hour before the break-in occurred, and that defendant was too drunk to come in the house. He had passed out in the car and was simply left there; and it was in this state that he was apprehended by the police. Defendant denied knowledge of the break-in.

The jury returned a verdict of guilty on both counts and from judgment thereon the defendant appealed.

*Attorney General Robert Morgan by Staff Attorneys Charles A. Lloyd and Burley B. Mitchell, Jr., for the State.*

*Richard A. Vinroot for defendant appellant.*

CAMPBELL, Judge.

**[1-3]** The defendant first assigns as error the denial by the trial court of defendant's motion to dismiss at the close of the State's evidence. This assignment of error is based partly on the belief that the second count in the bill of indictment is defective because it failed to identify the items stolen. There is no merit in this contention as the items were sufficiently identified, to wit: "an undetermined amount of beer, food and money of the value of $25.00—dollars, of the goods, chattels and moneys of the said Evening Star Grill." Defendant further argues under his first assignment of error that the charges under both counts should have been dismissed. In this respect, he is appar-

ently treating this as a motion for nonsuit. In passing upon a motion for nonsuit in a criminal case, the court must consider the evidence in the light most favorable to the State and give the State the benefit of every reasonable inference which may be legitimately drawn therefrom. *State v. Locklear,* 7 N.C. App. 493, 172 S.E. 2d 924 (1970). Viewed in this light, there was ample evidence to go to the jury on defendant's guilt.

[4] Defendant's remaining assignments of error purport to deal with errors in numerous parts of the court's charge. However, no exception with respect to the charge appears except in the purported assignments of error. Such assignments are ineffective to challenge the correctness of the charge. *State v. Dunn,* 264 N.C. 391, 141 S.E. 2d 630 (1965). Despite the ineffective assignments of error, we have reviewed the charge and find no prejudicial error.

In the entire trial, we find no prejudicial error.

No error.

Judges BRITT and VAUGHN concur.