STATE OF NORTH CAROLINA v. JIMMY FOSTER

No. 7022SC582

(Filed 16 December 1970)

1. **Constitutional Law § 28; Indictment and Warrant § 9— requisites of indictment**

   Every person accused of a crime has a right to be informed of the accusation against him with sufficient definiteness (1) to provide certainty so as to identify the offense, (2) to protect the accused from twice being put in jeopardy for the same offense, (3) to enable the accused to prepare for trial, and (4) to enable the court, on conviction or plea of guilty or *nolo contendere,* to pronounce sentence according to the rights of the case. Art. I, §§ 11 and 12, N. C. Constitution.

2. **Indictment and Warrant § 9; Larceny § 4— larceny indictment — description of stolen property — "automobile parts" of specified company**

   Indictment charging defendant with larceny of "automobile parts . . . of one Furches Motor Company" sufficiently identifies the property alleged to have been stolen to survive defendant's motion to quash.

APPEAL by defendant from *Seay, Judge,* 23 April 1970 Mixed Session of DAVIE County Superior Court.

The defendant was tried upon two bills of indictment returned by the April and January Sessions of the Davie County Grand Jury. The indictment in case No. 55 charged the defendant with larceny of certain goods belonging to Branch Banking and Trust Company and the indictment in case No. 56 charged the defendant with larceny of automobile parts from Furches Motor Company. The cases were consolidated for trial and the defendant entered a plea of not guilty to both charges. In case No. 55 the jury returned a verdict of not guilty, and in case No. 56, the jury returned a verdict of guilty of larceny of goods of a value of less than $200.00. The judgment of the court was that the defendant be confined in the Davie County jail for twelve months with a recommendation that he be placed on work release.

From this judgment, the defendant appeals to this Court.

*Attorney General Robert Morgan by Assistant Attorney General Andrew A. Vanore, Jr., and Staff Attorney Charles A. Lloyd for the State.*

*Peter W. Hairston for the defendant appellant.*

CAMPBELL, Judge.

Defendant, on this appeal, raises the question of the sufficiency of the bill of indictment on the grounds that it does not sufficiently identify the property alleged to have been stolen. The bill of indictment describes the property as "automobile parts of the value of $300.00 (Three Hundred Dollars) Dollars, of the goods, chattels and moneys of one Furches Motor Company."

[1]  Sections 11 and 12 of Article I of the North Carolina Constitution guarantee that in all criminal prosecutions every person has the right to be informed of accusations against him, and not be put to answer any criminal charge but by indictment, presentment, or impeachment. The purposes of these provisions are (1) to provide certainty so as to identify the offense, (2) to protect the accused from twice being put in jeopardy for the same offense, (3) to enable the accused to prepare for trial, and (4) to enable the court, on conviction or plea of guilty or *nolo contendere,* to pronounce sentence according to the rights

of the case. *State v. Barnes,* 253 N.C. 711, 117 S.E. 2d 849 (1961).

[2] We are of the opinion that the description "automobile parts . . . of one Furches Motor Company" sufficiently identifies the property alleged to have been stolen and satisfies the provisions of the North Carolina Constitution and their purposes. The description identifies the type of parts and the owner from whom they were taken. In *State v. Upchurch,* 264 N.C. 343, 141 S.E. 2d 528 (1965), the Court, in referring to a description in the bill of indictment of cigarettes, beer, and sardines, said "no minute description . . . by brand names is required." The Court went on to say that if the defendant had desired a description by brand names, he could have requested one by a bill of particulars before the trial.

In the present case, the defendant waited until all of the evidence had been presented before moving to quash the bill of indictment because of insufficient description of the property alleged to have been stolen. Had his defense truly been hampered, he could have requested a bill of particulars prior to the trial.

We have examined defendant's remaining assignments of error and find them to be without merit.

For the reasons stated, the judgment of the trial court is,

Affirmed.

Judges BRITT and HEDRICK concur.