STATE OF NORTH CAROLINA v. LUTHER LOUIS CHEEK

No. 7319SC349

(Filed 29 August 1973)

1. **Homicide § 14— proof of cause of death**
    To warrant conviction in a homicide case, the State must produce evidence sufficient to establish beyond a reasonable doubt that the death of the deceased proximately resulted from the defendant's unlawful act.

2. **Homicide § 21— involuntary manslaughter — cause of death — insufficiency of evidence**
    The State's evidence of cause of death was insufficient for submission to the jury of an issue of defendant's guilt of involuntary manslaughter where it showed that decedent was a passenger in defendant's vehicle which left the road and overturned, that the ambulance attendant who took decedent to the hospital could find no pulse, that decedent was dead when she was examined by a doctor at the hospital but the doctor had no recollection as to the cause of death, and that there were no lacerations, bleeding or open wounds on decedent's body, there being no expert medical evidence of the cause of death and there being no evidence upon which an average layman could form a well grounded opinion as to the cause of death.

    Judge BALEY concurring in result.

APPEAL by defendant from *Armstrong, Judge,* 27 November 1972 Session of RANDOLPH Superior Court.

Defendant was tried on a bill of indictment charging that on 5 March 1972 he did "kill and slay" one Beverly J. Cross (Miss Cross). The charge arose out of a single-car automobile collision, defendant being the driver of, and Miss Cross being a passenger in, the vehicle.

Defendant pleaded not guilty. Following the presentation of the State's evidence, defendant moved for nonsuit and his motion was overruled. Defendant declined to offer evidence, renewed his motion for nonsuit and that motion was overruled. A jury found defendant guilty of involuntary manslaughter and from judgment imposing prison sentence of not less than three nor more than ten years, defendant appealed.

*Attorney General Robert Morgan by Ann Reed, Associate Attorney, and Robert R. Reilly, Associate Attorney for the State.*

*H. Wade Yates for defendant appellant.*

BRITT, Judge.

Defendant assigns as error the failure of the court to allow his motion for nonsuit interposed at the close of the evidence for the reasons that the State (1) failed to prove the cause of Miss Cross' death and (2) failed to show culpable negligence on the part of defendant. We think the assignment is well taken on the question of cause of death and we do not reach the question of culpable negligence.

[1] On a motion to nonsuit a criminal action, it is the duty of the court to ascertain whether there is substantial evidence of each essential element of the offense charged; evidence which raises no more than a surmise or conjecture of guilt is insufficient to overrule nonsuit and there must be legal evidence of each fact necessary to support conviction. 2 Strong, N. C. Index 2d, Criminal Law, § 106, p. 655. To warrant conviction in a homicide case, it is necessary that the State produce evidence sufficient to establish beyond a reasonable doubt that the death of the deceased proximately resulted from the defendant's unlawful act. *State v. Minton,* 234 N.C. 716, 68 S.E. 2d 844 (1951); *State v. Locklear,* 7 N.C. App. 493, 172 S.E. 2d 924 (1970).

[2]   With respect to the decedent, Beverly Cross, the evidence tended to show:

On the evening of the accident, Miss Cross, defendant and others were at a restaurant in Asheboro. Miss Cross did not know defendant and asked a third party to ask defendant to take her home. Pursuant to the request, Miss Cross and two other passengers got into defendant's station wagon with defendant and he proceeded to drive out of Asheboro on old Highway 64. Defendant was not familiar with the road and did not know where Miss Cross lived and she assisted in giving directions. Some distance out of Asheboro on a crooked road, the station wagon left the highway, went down an embankment, struck a tree, and came to rest on its top. Following the wreck, Miss Cross and another passenger were found inside the rear of the vehicle. A State Trooper and ambulance attendants removed Miss Cross from the vehicle and she was taken by ambulance to the Randolph County Hospital. After Miss Cross was placed in the ambulance, an attendant checked her pulse but was unable to find any. The attendant detected no "profuse bleeding."

At the hospital emergency room Miss Cross was examined around 10:00 p.m. by Dr. Griffin whose testimony is summarized as follows: He found Miss Cross dead at the time he saw her. He did not have any recollection as to the cause of death but recalled that she had been dead for a very short time and he was told that she had been in an automobile accident. Her body had not suffered any lacerations and there was no bleeding or open wounds. He did not recall anything else about her condition and any notes which he made were in the medical examiner's office in Chapel Hill.

Since the testimony of Dr. Griffin failed to establish the cause of death, we are confronted with the question as to whether the cause was established by other testimony. In *State v. Minton, supra,* pp. 721-722, in an opinion by Justice Ervin, we find:

"* * * The cause of death may be established in a prosecution for unlawful homicide without the use of expert medical testimony where the facts in evidence are such that every person of average intelligence would know from his own experience or knowledge that *the wound* was mortal in character. (Citations.) There is no proper foundation, however, for a finding by the jury as to the cause of death

without expert medical testimony where the cause of death is obscure and an average layman could have *no well grounded* opinion as to the cause." (Emphasis added.)

In the case at bar there is no evidence of any wound of any description and although there is strong suspicion that Miss Cross died from injuries proximately caused by the collision, the cause of death is obscure and evidence upon which an average layman can form a "well grounded opinion as to the cause" is woefully lacking. Convictions for crimes cannot stand on evidence "which raises no more than a surmise or conjecture of guilt."

We hold that the court erred in denying the motion for nonsuit.

Reversed.

Chief Judge BROCK concurs.

Judge BALEY concurring in result.

In my view there is sufficient evidence of cause of death for submission to the jury, but the evidence does not meet the test for culpable negligence.

"On a charge of culpable negligence in the operation of a motor vehicle, resulting in death, conduct is not to be measured with precision instruments or weighed on golden scales." *State v. Hewitt*, 263 N.C. 759, 763, 140 S.E. 2d 241; *State v. Cope*, 204 N.C. 28, 167 S.E. 456.