State v. Coble

---

STATE OF NORTH CAROLINA v. LEO COBLE

No. 7419SC826

(Filed 4 December 1974)

1. **Homicide § 21— second degree murder — sufficiency of evidence**
      The State's evidence was sufficient for the jury in a prosecution for second degree murder where it tended to show that defendant and

deceased engaged in an altercation at defendant's house concerning payment for a drink of liquor defendant gave deceased, that defendant sat in the front door with his rifle and said if deceased came back he was going to kill him, that deceased returned to defendant's house and told defendant, "You can shoot me if you want to," that gunshots were heard, that deceased's body was found in the front yard of defendant's house, and that the investigating officer found under defendant's bed a rifle that had been recently fired.

**2. Criminal Law § 118; Homicide § 23— statement of State's contentions — inferences from evidence**

In this homicide case, the State's evidence supported inferences related by the court that the State contended defendant was in the unlawful business of selling liquor, that defendant was not in danger of great bodily harm from deceased, and that defendant got his gun and sat facing the door "ready to crack down on whoever came in or if this man came in, this particular man."

APPEAL by defendant from *Crissman, Judge,* 10 June 1974 Session of Superior Court held in RANDOLPH County. Heard in the Court of Appeals 19 November 1974.

Defendant was charged with the offense of second degree murder. Upon a plea of not guilty, the jury returned a verdict of guilty of voluntary manslaughter. From judgment entered on the verdict, defendant appealed.

State's evidence tended to show that the deceased, Tommy Freeland, came to the defendant's house and wanted a drink of liquor; that defendant poured him the drink and asked to be paid but deceased said he wasn't going to pay for it; that a fight ensued when defendant slapped the drink from the deceased's hand, and the deceased slapped back; that defendant brought a pistol from his pocket, fired it into the floor and asked deceased to leave his house; that another individual present finally persuaded deceased to leave and attempted to calm down the defendant who "was very upset at that time." Other evidence offered by the State showed that defendant said he was getting tired of deceased coming in and running over him all the time; that the defendant got a rifle and went outside and shot it into the air about three or four times and returned saying, "I didn't hit nothing"; that when defendant came back into his house he sat in front of the door with the rifle lying across his legs and said that if the deceased came back he was going to kill him, he was going to shoot him. Witnesses for the State testified that the deceased later returned to the defendant's house and walked in saying to the defendant, "You can

State v. Coble

shoot me. You can shoot me if you want to"; and that although none of the witnesses actually saw the shooting, one witness testified that he heard gunshots going off, more than two and perhaps as many as six. The investigating officer further testified that he found the deceased lying face up in the front yard of defendant's house and that he found under a bed in defendant's house a .22 automatic rifle which had been fired recently. Defendant offered no evidence. His motions for a dismissal and judgment as of nonsuit at the conclusion of the State's evidence and at the conclusion of all of the evidence were denied.

*Attorney General Carson, by Assistant Attorney General Webb, for the State.*

*Bell, Ogburn and Redding, by Deane F. Bell, for defendant appellant.*

MORRIS, Judge.

[1] By defendant's first two assignments of error, he contends it was error to deny his motions for dismissal and judgment as of nonsuit at the close of the State's evidence and at the close of all the evidence. We disagree. It is well settled in this State that " . . . in passing upon a motion for nonsuit in a criminal case, the court must consider the evidence in the light most favorable to the State and give the State benefit of every reasonable inference which may be legitimately drawn therefrom. *State v. Goines*, 273 N.C. 509, 160 S.E. 2d 469. If when so considered there is substantial evidence, whether direct, circumstantial, or both, of all material elements of the offense charged, then the motion for nonsuit must be denied and it is then for the jury to determine whether the evidence establishes guilt beyond a reasonable doubt. *State v. Stephens*, 244 N.C. 380, 93 S.E. 2d 431." *State v. Locklear*, 7 N.C. App. 493, 496, 172 S.E. 2d 924 (1970). After carefully reviewing the record, we hold that the court properly ruled that the evidence in this case was sufficient to withstand defendant's motions for nonsuit.

[2] Defendant's third and fourth assignments of error deal with two portions of the trial court's charge to the jury. The challenged instructions are as follows:

1. "The State says and contends that this defendant was in an unlawful business there, selling liquor. The State says and contends that this defendant struck the first blow that

was struck by knocking the liquor out of the hand of this man that he had poured the liquor for, and brought all this on."

2. "The State says and contends, that there is no evidence here to the affect (sic) that this defendant was in danger of any great bodily harm at the hands of this man who was coming in. The State says and contends this defendant got his gun and sat facing the door with it on his lap ready to crack down on whoever came in or if this man came in, this particular man.

So the State says and contends, members of the jury, there wasn't any self defense in this; that he wasn't justified because a man is doing a lot of cursing, and under these circumstances there ought not be any question in your mind about it."

Defendant argues that the trial court misstated the contentions of the State in these portions of the charge, to his prejudice. For example, he notes that the State did not contend that the defendant was in an unlawful business nor did the State contend there was no evidence that defendant was in danger of great bodily harm. Defendant also maintains that there is nothing in the record indicating that the defendant got his gun and sat facing the door "[r]eady to crack down on whoever came in or if this man came in, this particular man." We find defendant's argument unpersuasive.

Although the record does not contain the closing argument of either the solicitor or defense counsel, we are of the opinion that the State presented competent evidence from which the trial judge could legitimately, fairly and logically infer such contentions. Where an examination of the record discloses evidence from which inferences related by the court as a contention of the State could legitimately, fairly and logically be drawn by the jury, such a statement of a valid contention based on competent evidence is not error. *State v. Virgil*, 276 N.C. 217, 172 S.E. 2d 28 (1970) citing *State v. Ford*, 266 N.C. 743, 147 S.E. 2d 198 (1966).

Furthermore, there is nothing in the record before us to indicate that the defendant made any objection to the trial court's statement of the State's contentions and, therefore, defendant has waived such objections.

"[I]t is the general rule that objections to the charge in reviewing the evidence and stating the contentions of the parties must be made before the jury retires so as to afford the trial judge an opportunity for correction; otherwise they are deemed to have been waived and will not be considered on appeal. (Citations omitted.)" *State v. Virgil, supra,* at 230.

We have carefully reviewed the record and conclude that the defendant received a fair trial free from prejudicial error.

No error.

Judges CAMPBELL and VAUGHN concur.