State v. Monk

STATE OF NORTH CAROLINA v. WILLIAM GASTON MONK

No. 775SC1004

(Filed 16 May 1978)

**1. Larceny § 7— larceny of clothes from employer—sufficiency of evidence**

In a prosecution for larceny of clothing valued at $500 from defendant's employer, evidence was sufficient for the jury where it tended to show that some of the women's clothing found after closing hours in a box at the rear of the employer's place of business was seen on the rack in the women's section of the store at the beginning of the evening; none of the clothes found in the box had been sold that night; defendant, who in the normal performance of his duties as shift manager would remain in the front of the store, was seen walking around the men's and women's sections of the store near the same racks where some of the clothes had been seen earlier; defendant possessed the only key to the back door; defendant made a trip to the dumpster purportedly to empty trash at a time when the back door was never supposed to be opened according to company policy; and after closing hours a car which looked like one owned by defendant pulled into the store parking lot, stopped beside the dumpster where the box of clothes had been found, but sped away when the store owner turned his automobile lights on the car and driver.

**2. Larceny § 6— larceny of women's clothes—size of defendant's wife—testimony admissible**

In a prosecution of defendant for larceny of clothing from his employer, the trial court did not err in admitting testimony by the manager of the store regarding the clothes size of defendant's wife since the testimony objected to tended to prove that defendant's wife wore size 13-14 blouses while other evidence established that the blouses stolen were of the same size, and the testimony objected to was clearly relevant to show the defendant's motive in taking the women's clothes.

**3. Larceny § 4.1— indictment—description of property taken**

An indictment which charged defendant with stealing "assorted items of clothing, having a value of $504.99 the property of Payne's, Inc." was sufficiently particular in describing the stolen property.

**4. Larceny § 8.3— value of property stolen—jury instructions not required**

The trial court was not required to charge the jury that it must find that the value of the stolen property exceeded $200, since G.S. 14-74 under which defendant was indicted does not by its terms require that the property stolen reflect a minimum value in order for a violation thereof to constitute a felony.

APPEAL by defendant from *Wood, Judge.* Judgment entered 27 May 1977 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 4 April 1978.

Defendant was charged in a bill of indictment with larceny of clothing valued at $504.99 from his employer, Payne's, Incorporated. Upon his plea of not guilty, the State offered evidence tending to show the following:

In the early part of 1977 the defendant, William Gaston Monk, was employed as a shift manager for Payne's, Inc., a clothing store in Wilmington, North Carolina. He had recently announced his intention to resign and discussed it with the owner of the store, but it had not yet been determined when his resignation would become effective. In his capacity as shift manager, the defendant was primarily responsible for the management of the store from 6 to 9 p.m. At such times, he maintained the only keys to the front and back doors.

On 25 March 1977 the defendant assumed his managing duties at 6 p.m. Three employees were working with him. It was the normal practice for the shift manager to stay at the front of the store where he could best conduct his duties and oversee the operation of the store. However, on this night, the defendant reported to several of his co-workers that he was feeling sick and stayed at the back of the store near the bathroom. At one point in the evening, the defendant was seen moving around the women's clothing section of the store near a rack of blouses. At another time, he was seen in the men's clothing section.

According to company policy, the back door was to be kept locked at all times when not in use and was never to be used after 6 p.m. at night. Thus, the trash was normally placed beside the back door at night and taken out the following day. In violation of this policy, the defendant, at approximately 8:45 p.m., told one of the employees that he was going to take the trash to the dumpster located behind the store. Shortly thereafter, he was seen returning to the store from the dumpster. The defendant was the only employee to leave by the back door on the night in question. As closing time drew near, the defendant's mood seemed to be improving, and he told one of his fellow employees that he was feeling better. At 9 p.m., the defendant closed and locked the store and left with his wife who had come in his automobile to pick him up.

At approximately 9:15 p.m. on the same night, an employee of a neighboring store was emptying the trash when he noticed a

Payne's box beside the dumpster. He reached down to pick up the box intending to throw it in the trash and realized that there were clothes inside. He immediately told his manager who notified Harry Payne, the owner of Payne's, Inc. Payne drove his automobile to a spot near the dumpster, parked and turned off his lights. After a short wait, a car turned into the driveway and stopped beside the dumpster. As the driver of the car opened his door, Payne turned on his headlights which were directed at the other car. The driver quickly shut the door of the car and sped from the parking lot. Payne testified that the car resembled one owned by the defendant.

When Payne examined the contents of the box, he found two size 40 men's suits and a size 43 men's suit as well as several women's blouses and a women's pantsuit, all size 13-14. The value of the clothes was $504.99. The defendant wears a size 40 regular suit and his wife wears a size 13-14 blouse. There was at least one other employee who wore size 40 suits. During the previous week, the defendant had been seen trying on one of the suits found. None of the clothes found in the box had been sold on the night they were found. However, one of the employees testified that she had seen some of the women's clothing found in the box on a rack in the store earlier in the evening.

The defendant offered no evidence.

The jury returned a verdict of guilty. From a judgment imposing a prison sentence of five years, the defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General Robert G. Webb, for the State.*

*Peter Grear for the defendant appellant.*

HEDRICK, Judge.

By his sixth assignment of error, the defendant contends that the trial court erred in its denial of the defendant's motion to dismiss at the close of the State's evidence. It is well-established that in reviewing the trial court's denial of a motion for judgment as of non-suit, we must view the evidence in the light most favorable to the State and determine whether it is sufficient to find that the crime charged in the indictment has been committed

and that the defendant committed it. *State v. Price*, 280 N.C. 154, 184 S.E. 2d 866 (1971).

[1] Viewed in this light, we think that there was sufficient evidence to submit the case to the jury and to support the verdict. We particularly note evidence that some of the women's clothing found in the box was seen on the rack in the women's section of the store at the beginning of the evening; that none of the clothes found were sold during the night; that defendant, who in the normal performance of his duties would remain in the front of the store, was seen walking around the men's and women's sections of the store near the same racks where some of the clothes had been seen earlier; that the defendant possessed the only key to the back door; and that he made a trip to the dumpster purportedly to empty trash at a time when the back door was never supposed to be opened according to company policy. We think this evidence provided a sufficient basis from which the jury could infer that defendant took the box of clothes to a place where he could later return to pick them up.

[2] The defendant next contends that the trial court erred in its admission of the testimony of Doris Little, the manager of the store, regarding the clothes size of defendant's wife. The testimony objected to tended to prove that the defendant's wife wore size 13-14 blouses while other evidence established that the blouses stolen were of the same size. We think the testimony was clearly relevant to show the defendant's motive in taking the women's clothes. 1 Stansbury's N.C. Evidence § 83 (Brandis Rev. 1973).

[3] The defendant also assigns as error the trial court's denial of his motion to quash the bill of indictment. He argues that the indictment which charges the defendant with stealing "assorted items of clothing, having a value of $504.99 the property of Payne's, Inc." is defective in that it is not sufficiently particular in describing the stolen property. The defendant cites *State v. Ingram*, 271 N.C. 538, 157 S.E. 2d 119 (1967), as support for his position. In *Ingram* the indictment described the stolen property as "the merchandise, chattels, money, valuable securities and other personal property, located therein, of the value of $878.25 of the goods, chattels and money of the said Henry J. Thomas." The evidence tended to show that the specific property stolen was

eleven rings. The indictment in the present case is clearly more particular in describing the property than that in *Ingram.* On the other hand, this Court in *State v. Foster,* 10 N.C. App. 141, 177 S.E. 2d 756 (1970), held that an indictment charging the defendant with larceny of "automobile parts of the value of $300.00 . . . of one Furches Motor Company" was sufficiently descriptive to fulfill the purposes of an indictment. In our opinion, the indictment in the present case satisfies the standards set forth in *Foster.*

[4] The defendant finally argues that the trial court was required to charge the jury that it must find that the value of the stolen property exceeded $200. The defendant cites *State v. Cooper,* 256 N.C. 372, 124 S.E. 2d 91 (1962), a case construing G.S. 14-72 which sets out the offense of larceny of property and receiving stolen goods "not exceeding two hundred dollars in value." However, G.S. 14-74 under which the defendant was indicted does not by its terms require that the property stolen reflect a minimum value in order for a violation thereof to constitute a felony.

We hold that the defendant received a fair trial free from prejudicial error.

No error.

Chief Judge BROCK and Judge MITCHELL concur.