STATE OF NORTH CAROLINA v. MICHAEL LEE SMITH

No. 7717SC990

(Filed 20 June 1978)

**Automobiles § 113.1— manslaughter—cause of death—sufficiency of evidence**

> In a prosecution for manslaughter, evidence that deceased died as a result
> of a collision with defendant's vehicle was sufficient to be submitted to the
> jury and expert testimony with respect to cause of death was unnecessary
> where the evidence tended to show that at 8:15 p.m. deceased was in excellent
> health; he was driving on a street where the speed limit was 35 mph; defend-
> ant came around a curve about 200 yards in front of deceased at a speed in ex-
> cess of 90 mph; defendant had been drinking; his car struck deceased's vehicle
> and crushed it; and deceased was declared dead at the scene at 8:25 p.m.

APPEAL by defendant from *Lupton, Judge.* Judgment entered
14 July 1977 in Superior Court, SURRY County. Heard in the
Court of Appeals 31 March 1978.

Defendant was placed on trial for manslaughter as a result of
the death of Charles Wampler. At the close of all the evidence,
the judge announced that he would submit the case to the jury on
a charge of causing the death of another by vehicle in violation of
G.S. 20-141.4. The jury returned a verdict of guilty of that charge,
and judgment imposing an 18 month sentence was entered.

*Attorney General Edmisten, by Associate Attorney Lucien
Capone III, for the State.*

*Morrow, Fraser and Reavis, by Bruce C. Fraser, for defend-
ant appellant.*

VAUGHN, Judge.

Defendant's assignments of error all relate to the sufficiency
of the evidence to take the case to the jury. He contends that the
State failed to offer evidence that he caused the collision and that
the State also failed to show that deceased died as a result of the
collision. We conclude that the evidence, when considered in the
light most favorable to the State, disclosed circumstances from
which the jury could infer that defendant died as a result of the
collision caused by defendant while defendant was operating his
vehicle at a speed in excess of that permitted by law. That
evidence was as follows.

Charles Wampler, the deceased, was 35 years old and in excellent health when he left his home at about 8:15 p.m. on 17 January 1977. He was driving a Ford Pinto automobile and was headed for church. After proceeding along North Main Street in Mount Airy, he stopped and then started to execute a left turn. Defendant approached him from the opposite direction driving a Chevrolet Camaro. The speed limit on that residential street was 35 miles per hour. Defendant had been drinking. He came around a curve about 200 yards in front of deceased at a speed of in excess of ninety miles an hour. His car struck deceased's Pinto broadside on the passenger side and knocked it for a considerable distance. It was damaged on both sides, the front and the rear. The body of the Pinto automobile was so crushed together that deceased's body touched both sides of the interior of the vehicle. The steering wheel was broken. Deceased's hands were stuck through the steering wheel, and his head was tilted to the left. A medical technician with the emergency squad arrived on the scene at 8:25 p.m. (about ten minutes after deceased had left home on his way to church) and determined that he was dead. A power tool was used to pry the car door away from deceased so that his body could be removed from the vehicle.

The evidence that defendant caused the accident while engaged in a violation of the speed law is direct and abundant. The evidence is also sufficient to permit the jury to find that Wampler was alive and well when he started to make a left turn and was dead just a few seconds later after being struck by defendant's vehicle. From these facts, we hold that the jury could reasonably infer that he was killed in the collision. It is not always necessary to have an expert testify as to the cause of death where, as here, all of the facts disclose a set of circumstances from which any person of average intelligence could be satisfied beyond a reasonable doubt that the fatality occurred in the collision. *See e.g. Branch v. Dempsey*, 265 N.C. 733, 145 S.E. 2d 395 (1965). We have not ignored the majority opinion in *State v. Cheek*, 19 N.C. App. 308, 198 S.E. 2d 460 (1973). We respectfully conclude, however, that the facts in the case now before us raise a jury question as to whether the death was the result of the collision.

No error.

Judges PARKER and WEBB concur.