STATE OF NORTH CAROLINA v. HOWARD HARTLEY AND SCOTTY LEWIS

No. 7824SC697

(Filed 5 December 1978)

1. **Larceny § 4.1— larceny of tires—sufficiency of description in indictment**
    Indictments charging defendants with felonious larceny of "a quantity of used automobile tires, the personal property of Jerry Phillips and Tom Phillips, t & d/b/a the Avery County Recapping Service, Newland, N.C. . . . having a value of over $200.00" contained a sufficient description of the property taken to meet constitutional standards.

2. **Indictment and Warrant § 17.4; Larceny § 4.2— larceny of tires—ownership by partnership or corporation—no variance**
    In a prosecution for felonious larceny of tires where the State alleged and proved that the tires belonged to a partnership, but defendants showed by cross-examination of a witness that the business from which the tires were taken was a corporation, there was no variance, since defendants failed to produce evidence that the business was incorporated as of the time of the larceny.

3. **Criminal Law § 163— review of evidence and contentions—failure to object—objection waived**
    Where defendants did not object to the review of the evidence or contentions of the parties before the jury retired to deliberate, defendants waived such objections.

APPEAL by defendants from *Smith (David I.), Judge*. Judgments entered 13 April 1978 in Superior Court, AVERY County. Heard in the Court of Appeals 15 November 1978.

Defendants were charged with felonious larceny. Upon verdicts of guilty of misdemeanor larceny, judgment of imprisonment was entered on each defendant.

The bills of indictment charged the defendants with larceny on 15 September 1977 of used automobile tires belonging to Jerry Phillips and Tom Phillips, trading and doing business as Avery County Recapping Service, Newland, N.C.

Evidence necessary for determination of the questions on appeal is set out below.

*Attorney General Edmisten, by Assistant Attorney General George W. Boylan, for the State.*

*Johnson & Lyerly, by Kelly Johnson, for defendant appellants.*

MARTIN (Harry C.), Judge.

[1] Defendants moved to quash the bills of indictment for failing to sufficiently identify the property taken. The bills describe the stolen property as "a quantity of used automobile tires, the personal property of Jerry Phillips and Tom Phillips, t & d/b/a the Avery County Recapping Service, Newland, N.C. . . . having a value of over $200.00."

Every person charged with a crime has the right to be informed of the accusation against him. N.C. Const. art. I, § 23. This provision is to enable the defendant to have a fair and reasonable opportunity to prepare his defense, to avail himself of his conviction or acquittal as a bar to subsequent prosecution for the same offense and to enable the court, on conviction, to pronounce sentence according to law. *State v. Strickland*, 243 N.C. 100, 89 S.E. 2d 781 (1955). The property alleged to have been taken should be described by the name usually applied to it in its condition at that time, and, if possible, the number, kind, quality, and other distinguishing features.

In *State v. Foster*, 10 N.C. App. 141, 177 S.E. 2d 756 (1970), the indictment alleged "automobile parts of the value of $300.00 . . . of one Furches Motor Company." The Court held this description met constitutional standards. An indictment alleging "an undetermined amount of beer, food and money of the value of $25.00 . . . of the said Evening Star Grill" was held sufficient. *State v. Mobley*, 9 N.C. App. 717, 177 S.E. 2d 344 (1970).

The indictments under consideration name the property stolen as "tires"; the tires are described as to type, "automobile" tires; the tires are described as to condition, "used" automobile tires; the tires are described as to ownership; the tires are described as to location, "Newland, N.C."

We hold the indictments sufficient to meet the constitutional requirements and the standards of *State v. Strickland, supra.* Defendants' assignment of error is overruled.

[2] Defendants contend the charges should have been dismissed for a fatal variance between the allegations of ownership and the proof. The State alleged and produced evidence to show that on 15 September 1977 the tires belonged to the partnership. On cross-examination of Jerry Phillips, defendants established that the business was incorporated under the name of Avery County Recapping, Incorporated. The larceny occurred 15 September 1977. The trial was during the week of 10 April 1978. Defendants failed to produce evidence that the business was incorporated as of the time of the larceny, 15 September 1977. The evidence tends to show it was a partnership on that date. The evidence does not disclose a variance. The assignment of error is overruled.

[3] Last, defendants contend the court erred in giving unequal stress to the contentions of the State in the charge. The trial judge did not state any contentions of the parties. Failure to do so is not error. The trial judge did review the evidence of the State and the defendants. Defendants did not object to the review of the evidence ‚or contentions of the parties before the jury retired to deliberate upon its verdicts. By failing to so do, defendants waived such objections and they will not be considered on appeal. *State v. Hewitt,* 295 N.C. 640, 247 S.E. 2d 886 (1978).

No error.

Judges MORRIS and ARNOLD concur.