JOHN A. E. McCLAVE, EXECUTOR OF THE ESTATE OF IRENE G. McCLAVE v. VITTORIO E. CRESCIMANNO

No. 7920SC236

(Filed 20 November 1979)

1. **Automobiles § 45— striking pedestrian—inadmissibility of coat—failure to show connection with pedestrian**

    The trial court in a wrongful death action did not err in refusing to allow plaintiff to pass a coat among the jurors for their examination where there was no showing that deceased churchgoer was wearing the coat at the time she was struck by defendant's vehicle; nor did the court err in excluding testimony as to the number of people in the church that day and excluding evidence concerning the habitual manner deceased followed in getting to church.

2. **Trial § 10— court's admonishing of counsel—no error**

    The trial court did not err in directing counsel for both plaintiff and defendant throughout the trial to "move on" with the case.

3. **Evidence § 15— think or believe or reckon—testimony not incompetent**

    Use of expressions "I think," "I believe," and "I reckon" does not render the testimony incompetent.

APPEAL by plaintiff from *McConnell, Judge.* Judgment entered 24 October 1978 in Superior Court, MOORE County. Heard in the Court of Appeals 25 October 1979.

In plaintiff's action for wrongful death, the jury found defendant did not negligently cause the death of Irene G. McClave. Plaintiff appeals from the judgment entered on the jury's verdict denying plaintiff's claim.

Plaintiff alleged Irene G. McClave died on 14 November 1976, when struck by the automobile operated by defendant on Ashe Street, in Southern Pines. Plaintiff alleges defendant was negligent in failing to sound his horn to warn Mrs. McClave, who was a pedestrian, in failing to yield the right-of-way to her when she was within a marked crosswalk and in failing to stop before entering a marked crosswalk.

Defendant in his answer denied any negligence on his part and alleged Mrs. McClave was negligent in reversing her path of travel and walking or falling directly into the path of his car, after she had safely crossed the street.

Plaintiff's evidence tended to show that Saint Anthony's Church is located at the southwest corner of the intersection of Ashe and Vermont Streets. Ashe Street runs north and south and Vermont east and west. Traffic on Ashe is required to stop before entering Vermont, there being a stop sign at the intersection controlling traffic on Ashe. There is a brick walkway leading from the entrance of the church to the west curb of Ashe Street. A sidewalk runs parallel with the south curb of Vermont about 19'6" from it. There are no marked crosswalks in the area of the church or intersection. Defendant told the investigating officer that he had come out of church and gotten into his car; his car was on the "right-hand side" of Ashe against the curb; another vehicle was in front of and facing his car; he cranked his car and while he was backing up, the other vehicle pulled out; "he started forward and the woman was there and he went across the street and struck another vehicle and came to rest."

Witnesses for plaintiff testified they saw a car move forward in a quick motion and feet flip in the air. Then the car "lurched" across the street and into another car. Defendant was the driver of the car. No one heard the car horn blow. Defendant's vehicle was dragging Mrs. McClave underneath it. Defendant stated three or four times that his brakes were not working and that he did not mean to hit the woman.

Plaintiff called the defendant as an adverse witness and he testified he was seventy-five years old and had been licensed to drive since about 1969. He had been to mass at Saint Anthony's on 14 November 1976, left the church and walked to his car parked on the right side of Ashe Street, facing north towards Vermont Avenue. The distance from the front of his car to the edge of the sidewalk (leading east from Ashe Street) was about twenty feet. He saw two ladies on the left side of his car waiting for the car parked in front of his to move. They were in the middle of the road. After the car in front of him moved away, the two ladies on his left passed in front of him and the second lady (Mrs. McClave) put her "steps" on the curb in safety. Seeing she was in safety, he moved his car forward; the lady slipped or fell backwards into his car. He then tried to push the brake with his left foot but hit the accelerator, speeded up and collided with the parked car across the street. He did not sound his horn or give any directional signal, as he was going straight ahead toward the stop sign.

Plaintiff further produced evidence that Mrs. McClave's death resulted from her being struck by the automobile and evidence of damages.

*Thigpen, Evans & Shelton,* by *John B. Evans,* for plaintiff appellant.

*Anderson, Broadfoot & Anderson,* by *Henry L. Anderson, Jr.,* for defendant appellee.

MARTIN (Harry C.), Judge.

[1] Plaintiff first argues the trial judge erred in not allowing plaintiff to pass a coat among the jurors for their examination. Although defendant's counsel stipulated the bag of clothing in the custody of the officer could be introduced into evidence, when the witness testified he did not see the coat on Mrs. McClave, defendant's counsel moved to strike it. The court denied the motion but would not allow the coat to be passed to the jury, advising counsel for plaintiff he would have to get "somebody to identify she was wearing it." Plaintiff's counsel failed to do so. Without a showing that Mrs. McClave was wearing or carrying the coat at the time in question, it would not be relevant evidence. A party offering evidence must show its relevancy, materiality and com-

petency. 75 Am. Jur. 2d Trial § 128 (1974). The assignment is overruled.

The trial court did not err in refusing to admit evidence of the number of people in the church. This evidence was irrelevant. The court allowed testimony that there were 40, 50 or 60 pedestrians at the intersection. Later the court struck testimony about pedestrians at the intersection, but it is unclear exactly what testimony was removed from the jury.

Plaintiff tendered testimony concerning the habitual manner Mrs. McClave followed in getting to church. It indicated her husband usually drove her and parked the car on the north side of Vermont Avenue. Mrs. McClave used the same route upon leaving the church and returning to the parked car. However, Mr. McClave testified that on 14 November 1976 he did not drive her to the church. Neither did the witness Louise Rotroff, who testified as to the usual way Mrs. McClave got to church, attend church on the day of the accident. Plaintiff's evidence shows Mrs. McClave did not use her usual method of going to church on the day of the accident. The exclusion of the evidence was not error.

[2] Plaintiff argues the court committed prejudicial error by making several remarks during the trial. We do not agree. The court throughout the trial directed counsel for both plaintiff and defendant to "move on" with the case. Plaintiff's attorney made no effort to correct any alleged mistakes of the trial court in stating the evidence and contentions. He made no objection at the time and failure to so do constitutes a waiver of any such objections. *State v. Hewett,* 295 N.C. 640, 247 S.E. 2d 886 (1978); *State v. Hartley,* 39 N.C. App. 70, 249 S.E. 2d 453 (1978), *dis. rev. denied,* 296 N.C. 738, 254 S.E. 2d 179 (1979).

While a party can impeach an adverse witness, he cannot do so by arguing with the witness. A fair example of plaintiff's attempt at impeachment follows:

> Then, as you were checking for oncoming traffic and pulling away from the curb, there's no way you could have seen the lady in front of you.

Plaintiff's questions were not impeaching in form and the trial court did not err in sustaining defendant's objections to them.

McClave v. Crescimanno

Plaintiff contends the court erred in refusing to allow questions whether Mrs. McClave appeared to defendant to be alive before the accident. All the evidence shows Mrs. McClave was alive prior to the accident. There was no prejudicial error in not allowing the defendant to testify how she appeared to him.

[3]   Plaintiff objects to the refusal of the court to strike defendant's testimony that "he believes" Mrs. McClave fell backwards into his car. Use of the expressions "I think," "I believe," "I reckon" does not render the testimony incompetent. *State v. Haney,* 263 N.C. 816, 140 S.E. 2d 544 (1965); *State v. Ham,* 224 N.C. 128, 29 S.E. 2d 449 (1944); 1 Stansbury's N.C. Evidence (Brandis rev. 1973), § 122; McCormick on Evidence (2d ed. 1972) § 10. There was no error in the ruling of the court.

The court acted within its discretion when it allowed defendant's attorney to use leading questions in examining defendant. The questions did not involve the merits of the case and we find no abuse of discretion. *Howell v. Solomon,* 167 N.C. 588, 83 S.E. 609 (1914); 1 Stansbury's N.C. Evidence (Brandis rev. 1973), § 31.

Plaintiff objects to portions of the charge, particularly the court's instructions on the duty of a motorist to a pedestrian in an unmarked crosswalk. We find no prejudicial error in the jury instructions.

Plaintiff also assigns error to the court's rulings on certain evidence with respect to damages. The jury found the defendant was not negligent and did not reach the damage issue; therefore, we refrain from discussing these assignments.

The able trial judge had a difficult case to try, involving the defendant Count Crescimanno, a seventy-five-year-old Italian, testifying through an interpreter. We find no prejudicial error.

No error.

Judges HEDRICK and CLARK concur.