An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA15-44

Filed: 20 October 2015

Wake County, Nos. 13 CRS 2345, 211442

STATE OF NORTH CAROLINA

   v.

SHERRY ENDOLEEN AUSTIN

  Appeal by defendant from judgment entered 7 May 2014 by Judge Donald W. Stephens in Wake County Superior Court. Heard in the Court of Appeals 8 September 2015.

> *Attorney General Roy Cooper, by Assistant Attorney General Derek L. Hunter, for the State.*
>
> *M. Alexander Charns for defendant-appellant.*

  BRYANT, Judge.

  Where the variations between allegations contained in an indictment and testimony presented at trial are minor, there is no fatal variance. Further, an allegation in an indictment that defendant stole five items of clothing is sufficiently specific to put defendant on notice as to the charges against her. We find no error in the judgment of the trial court.

  On 16 May 2013, defendant went to the Triangle Town Center in Raleigh, North Carolina. She entered the Hollister clothing store and went to the women's

section, where she selected two items of clothing. Defendant then proceeded to the men's section of the store and picked up five more items. Gabriel Fisher ("Fisher"), an asset protection agent, testified he observed defendant walk behind a table, remove the security devices from those five items, and conceal them in her own clothing.

Defendant then proceeded to purchase the two items she had selected from the women's department. As she attempted to exit the store, she was approached by Fisher and other asset protection team members. Defendant admitted to taking the five items. Each of the items had a small hole where the security device had been removed. The discarded security devices were recovered near the table where the defendant had been observed standing.

Defendant was arrested and indicted for felony larceny from a merchant and attaining the status of an habitual felon. Beginning 6 May 2014, defendant was tried by a jury in Wake County Superior Court. At the close of the State's evidence and at the close of all the evidence, defendant made a motion to dismiss the felony larceny charge, arguing that (1) there was a fatal variance between the indictment and the evidence at trial regarding the entity that was alleged to own the property, and (2) the indictment did not allege with sufficient specificity which items were stolen by defendant. The trial court denied the motions.

Initially, the jury indicated that it had found defendant guilty of misdemeanor larceny. However, the jury was polled and after one juror indicated that she did not concur in the verdict, the trial court determined that that verdict was not unanimous and ordered the jury to continue deliberations. The jury subsequently returned a verdict finding defendant guilty of felony larceny from a merchant. Defendant then pled guilty to attaining the status of an habitual felon. The trial court sentenced defendant in the mitigated range to a term of 67 to 93 months of imprisonment. Defendant timely appealed.

---

On appeal, defendant raises the following issues: whether the trial court erred by (I) failing to grant defendant's motions to dismiss the felony larceny from a merchant charge based on a fatal variance, and (II) not entering the jury's initial verdict of guilty of misdemeanor larceny.

*I*

Defendant argues that the trial court erred by denying her motions to dismiss the felony larceny charge. Specifically, defendant contends that there was a fatal variance between the indictment and the proof at trial and that the indictment inadequately alleged which items were stolen by defendant. We disagree.

Defendant first asserts that there was a fatal variance between the owner of the stolen property alleged in the indictment and the proof presented at trial. "It is

well established that '[a] defendant must be convicted, if at all, of the particular offense charged in the indictment' and that '[t]he State's proof must conform to the specific allegations contained' therein." *State v. Henry*, ___ N.C. App. ___, ___, 765 S.E.2d 94, 102 (2014) (quoting *State v. Pulliam*, 78 N.C. App. 129, 132, 336 S.E.2d 649, 651 (1985)). Thus, "a fatal variance between the indictment and proof is properly raised by a motion for judgment as of nonsuit or a motion to dismiss, since there is not sufficient evidence to support the charge laid in the indictment." *State v. Faircloth*, 297 N.C. 100, 107, 253 S.E.2d 890, 894 (1979). "This court reviews the trial court's denial of a motion to dismiss *de novo*." *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007).

In this case, the indictment alleged that defendant

> unlawfully, willfully, and feloniously did steal, take, and carry away 5 (five) items of clothing, the personal property of Hollister, Inc. (A Division of Abercrombie & Fitch Stores, Inc.) without the consent of Hollister, Inc. (A Division of Abercrombie & Fitch Stores, Inc.), a merchant, by removing, destroying, or deactivating a component of an anti-shoplifting or inventory control device to prevent the activation of any anti-shoplifting or inventory control device, having such value of $197.50 . . . .

Defendant argues that the evidence presented by the State did not establish that the clothing was stolen from Hollister, Inc.

At trial, Fisher identified himself as an asset protection agent for Abercrombie & Fitch. He then testified as follows:

Q. Explain to the jury how Abercrombie & Fitch is associated with Hollister?

A. Hollister is actually basically a brand of Abercrombie & Fitch. There are several brands underneath the Abercrombie & Fitch name. Abercrombie & Fitch, Abercrombie Kids, and Hollister. They [sic] used to be Gilly Hicks until recently as well.

. . .

Q. So Hollister is a retail department store; is that correct?

A. Correct.

. . .

Q. Who owned the property that Ms. Austin took out of the store without paying?

A. Hollister.

It is clear from this testimony that Fisher was referring to the same corporate entity that was the alleged owner of the property in the indictment.

Our Courts have held that minor variations between the name of the corporate entity alleged in the indictment and the evidence presented at trial are immaterial so long as "[t]he defendant was adequately informed of the corporation which was the accuser and victim. A variance will not be deemed fatal where there is no controversy as to who in fact was the true owner of the property." *State v. Ellis*, 33 N.C. App. 667, 669, 236 S.E.2d 299, 301 (1977); *see also State v. Wyatt*, 254 N.C. 220, 118 S.E.2d 420 (1961) (finding no fatal variance where the indictment for embezzlement alleged

ownership by the "Pestroy Exterminating Company," the bill of particulars alleged ownership in "Pestroy Exterminators, Inc.," and the evidence at trial referred to both of these names as well as "Pestroy Exterminating Corporation"); *State v. Davis*, 253 N.C. 224, 226, 116 S.E.2d 381, 383 (1960) ("The fact that the property was stolen from T.A. Turner & Co., Inc. rather than from T.A. Turner Co., a corporation, as charged in the bill of indictment, is not a fatal variance."); *State v. Morris*, 156 N.C. App. 335, 576 S.E.2d 391 (2003) (finding no fatal variance where the indictment referred to the employer as "AAA Gas and Appliance Company, Inc." and the evidence at trial referred to the corporation as "AAA Gas and Appliance Company," "AAA Gas," or "AAA"). Accordingly, the minor variations between the name alleged in the indictment, "Hollister, Inc.," and the evidence presented at trial did not create a fatal variance in this case.

Defendant next asserts that the indictment's allegation that she removed a singular "inventory control device" created a fatal variance when the only testimony provided at trial was that she either removed no devices, as defendant herself testified, or that she removed more than one device, as testified to by the State's witness, Fisher. However, this variance was not fatal. "An indictment is not facially invalid as long as it notifies an accused of the charges against him sufficiently to allow him to prepare an adequate defense and to protect him from double jeopardy." *State v. Haddock*, 191 N.C. App. 474, 476–77, 664 S.E.2d 339, 342 (2008). Consequently,

the difference between the singular "device" alleged in the indictment and the plural "devices" testified to at trial did not create a fatal variance. *See Henry*, ___ N.C. App. at ___, 765 S.E.2d at 103–04 (rejecting a fatal variance argument because "[i]t is difficult to discern how the mistaken addition of the letter 's' prevented the indictment from providing Defendant sufficient notice of the general manner in which he resisted . . . or how it could leave Defendant exposed to double jeopardy.").

Defendant also contends that the allegation in the indictment that she stole "5 (five) items of clothing" lacked the specificity needed to inform defendant of the charges against her and protect her from double jeopardy. However, this Court has previously held that an allegation that the defendant stole "assorted items of clothing, having a value of $504.99 the property of Payne's, Inc.," was "sufficiently descriptive to fulfill the purposes of an indictment." *State v. Monk*, 36 N.C. App. 337, 340–41, 244 S.E.2d 186, 188–89 (1978). The allegation in the indictment is sufficiently specific to inform defendant of the charges against her. This argument is overruled, and defendant's subsequent double jeopardy argument is without merit.

## II

Defendant argues that the trial court erred by failing to enter the jury's initial verdict of guilty to misdemeanor larceny. However, defendant concedes this argument "is a preservation argument as the current state of North Carolina statutory and case law does not support it."

After the misdemeanor larceny verdict was announced and the jury was polled, the court determined that the verdict was not unanimous, as required by N.C. Gen. Stat. 15A-1237(b) (2013). As a result, the court properly did not accept the jury's initial verdict, and that verdict was not final. *See State v. Best*, 280 N.C. 413, 419, 186 S.E.2d 1, 5 (1972) ("The verdict is not complete until accepted by the court."). This argument is overruled.

NO ERROR.

Judges Geer and TYSON concur.

Report per Rule 30(e).