## Abner R. Sanford *vs.* Marshall Kimball.

### York.   Opinion January 31, 1910.

*Bailment.   Bailor's Negligence.   Burden of Proof.   New Trial.   Verdict.*

One suing for negligence of a bailee, not a common carrier, has the general burden to prove the negligence; proof of the bailment and failure to return on demand placing the burden on the bailee to explain the cause by showing loss by fire or theft, or injury by accident or otherwise, whereupon the bailor must show that the loss or accident resulted from the bailee's negligence.

The hirer of a horse, to avoid liability for its injury, was not bound to show how the injury was received; it being sufficient to show that the injury was mysteriously inflicted at night, whereupon the owner was bound to show the hirer's negligence.

Whether a horse was injured through the hirer's negligence *held* under the evidence, a question for the jury.

On motion for new trial, the instructions will be presumed to have been proper, in the absence of exceptions thereto.

A verdict on a properly submitted issue should not be lightly set aside.

On motion by plaintiff.   Overruled.

Action on the case for negligence in the use and care of the plaintiff's horse.   The writ contained a count in trover and also a count as follows :

"In a plea of the case, for that the said plaintiff, at said Kennebunk, heretofore, to wit, on the fifteenth day of August, A. D. 1908, did deliver to said defendant, a certain horse of the plaintiffs, called Prince, to work on said defendant's farm in Kennebunk, aforesaid, and the plaintiff avers that said Kimball thereafterwards, to wit, on the twenty-sixth day of August, A. D. 1908, at said Kennebunk, so carelessly and negligently used and cared for said horse, that said horse received a severe injury to his leg and that then and thereafterwards by reason of said injury and negligent use and care of said horse, and want of proper care thereof, by said defendant, after said injury, said horse thereafterwards by reason thereof, died, to the damage of said plaintiff, as he says, the sum of five hundred dollars."

Plea, the general issue. Verdict for defendant. The plaintiff then filed a general motion for a new trial.

The facts, so far as material, are stated in the opinion.

*Asa A. Richardson, and George F. & Leroy Haley,* for plaintiff.

*Cleaves, Waterhouse & Emery,* for defendant.

SITTING: EMERY, C. J., PEABODY, SPEAR, CORNISH, KING, BIRD, JJ.

CORNISH, J. Action on the case for negligence in the use and care of the plaintiff's horse by the defendant. The jury returned a verdict for the defendant and the case is before this court on the plaintiff's motion to set aside the verdict as against the law and the evidence.

The material facts are not in dispute. In the summer of 1908, the parties agreed to exchange work in haying, with teams and men. Under that agreement the plaintiff let the defendant have the horse in question on August 13. On August 25, the plaintiff went after the horse but as the defendant had not finished haying it was agreed that the defendant should keep him another day and return him on the afternoon of the 26th. The defendant used the horse in haying on the afternoon of the 25th, put him in the barn, fed him

about 6.30 P. M. and left him for the night unhitched in his sixteen feet square pen or box stall. The next morning the defendant found the horse in the same place where he had left him the night before with a clean cut three or three and one-half inches long and from one to one and a half inches deep, across the upper part of the off forward leg. The wound was not bleeding and there were no traces of blood on the floor of the barn or in the stall, although there were marks of blood on a pail, as if the wound had been washed by some one. The defendant testified that he carefully examined the barn to ascertain if possible the cause of the injury, but found nothing, and he was entirely ignorant as to how the injury was inflicted, whether by accident or design. The wound was treated once by the plaintiff and subsequently by the defendant and his hired man, but after about ten days death ensued.

It is settled in this State, whatever the doctrine may be elsewhere, that in an action of negligence against a bailee, not a common carrier, the general burden of proving negligence rests upon the plaintiff. If he proves the bailment and a failure to return on demand, he has ordinarily made a prima facie case and it is then incumbent on the bailee to explain the cause of the refusal, as by showing the loss of the property by fire or theft; or its injury by accident or otherwise. It then devolves upon the plaintiff to show that such fire or theft or accident was due to the failure of the bailee to use such a degree of care of the property as under the circumstances the law requires. The final burden is on the bailor to prove negligence, not on the bailee to prove due care, *Mills* v. *Gilbreth,* 47 Maine, 320; *Dinsmore* v. *Abbott,* 89 Maine, 373; *Buswell* v. *Fuller,* 89 Maine, 600; *Bradbury* v. *Lawrence,* 91 Maine, 457. The plaintiff, however, contends that it devolved upon the defendant to satisfactorily explain how the injury was received and in absence of such satisfactory explanation his liability follows. The law does not require so much, amounting in this case to an impossibility, because the cause or source of this injury is admitted to be a mystery. If the plaintiff's contention were true, the liability of the bailee in cases where the causes of the injury are unknown, would rise to that of an insurer. It was only incumbent upon the

defendant to explain the circumstances and to give the reason why the horse was not returned to the plaintiff. He need go no further. This was done and it then became the province of the jury, under proper instructions, to determine whether or not the defendant was negligent, either in connection with the injury or in its subsequent treatment. No exceptions were taken to the charge of the presiding Justice so that it may be assumed that proper instructions were given. On the facts, the jury have found in favor of the defendant and we see no reason to disturb their verdict. The matter was one peculiarly within their experience, and their judgment upon such a question should not be lightly set aside. A careful reading of the testimony in this case, however, approves rather than disapproves their conclusion.

*Motion overruled.*