FELIX CHOUINARD *vs.* HENRY BERUBE.

Androscoggin.    Opinion October 7, 1924.

*Ordinary care only is required of a bailee in a gratuitous bailment.*

In a gratuitous bailment the burden is upon the bailor to prove delivery to the bailee and, in the first instance, to prove refusal to redeliver on demand, making a prima facie case.

Then the burden would be upon the bailee to explain the cause of his refusal, such as loss of the property by theft or burglary, or destruction by fire or otherwise.

Then the burden would shift to the bailor to show that the loss or destruction was due to the failure of the bailee to exercise the degree of care of the property required by law of a gratuitous bailee.

On report.    An action to recover damages for the loss of an automobile which plaintiff alleged that he left with the defendant, a deputy sheriff, over night, who put it into a stable, and during the night the stable was destroyed by fire and the automobile destroyed. The question involved was that of a gratuitous bailment.

Judgment for the defendant.

The case appears in the opinion.

*Frank A. Morey*, for plaintiff.

*B. L. Berman and E. S. Titcomb*, for defendant.

SITTING:  CORNISH, C. J., PHILBROOK, DUNN, MORRILL, WILSON, DEASY, JJ.

PHILBROOK, J.    This case comes to the court on report.    The issue involves the liability of a gratuitous bailee when the property claimed to be the subject of bailment is destroyed by a fire while in the possession of the alleged bailee.    The defendant denies that any contract of bailment ever existed but we are not obliged to pass upon that contention because, even if the contract did exist, the plaintiff cannot recover in this action.

In a suit to recover damages against a gratuitous bailee the burden is upon the bailor to prove delivery of the goods to the bailee and, in

the first instance, to prove refusal to redeliver on demand. This would make a prima facie case. It would then be incumbent upon the bailee to explain the cause of his refusal, such as by showing the loss of the property by theft or burglary, or its destruction by fire or otherwise. Then it would be incumbent upon the bailor to show that the loss or destruction occurred by reason of the bailee's failure to exercise such a degree of care of the property as the law requires of a gratuitous bailee. *Dinsmore* v. *Abbott,* 89. Maine, 373. The bailee, in a gratuitous bailment, is held only to the measure of ordinary care. *Dinsmore* v. *Abbott,* supra. The record is wholly devoid of any proof of defendant's failure to exercise ordinary care over the property alleged to be bailed.

*Judgment for defendant.*