ANN SIGEL, ADMINISTRATRIX (ESTATE OF MORRIS M. SIGEL) ET AL. *vs.* HARRY GORDON, ADMINISTRATOR (ESTATE OF JAMES NEVILLE).

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued June 7th—decided July 25th, 1933.

*Ralph O. Wells* and *William S. Locke,* with whom was *Bernard E. Dubin,* and, on the brief, *Jacob Dunn,* for the appellant (plaintiff).

*Warren Maxwell,* for the appellee (defendant).

HINMAN, J. The plaintiff's decedent, Morris Sigel, was general manager and the defendant's decedent, Neville, was an employee of the same corporation, and on December 2d, 1932, they made a business trip from Hartford to New York in Neville's car, Sigel driving. At about eight o'clock in the evening they left New York on the return trip. Sigel drove to Bridgeport but there complained of being tired and asked Neville to take the wheel, saying, "You drive the rest of the way home to Hartford." Neville drove from Bridgeport to New Haven and was still driving when they left there for Hartford at twelve-forty in the morning of December 3d. At about one-thirty a. m. Joseph McGuire was driving his truck north on the main highway in Meriden, on his own right-hand side of the road, when it was struck from the rear by the Ford coupé occupied by Sigel and Neville. The road at that point was of concrete, eighteen to twenty feet wide, with a black center line and good shoulders, and was straight and substantially level for a distance of at least one thousand feet in either direction. There was no other traffic in the vicinity and it was extremely dark. The truck was equipped with a tail-light and two reflectors. The foregoing facts were undisputed.

The jury might well have found that the tail-light was lighted and the reflectors in good condition. The bottom of the body of the truck was so high that the radiator of a Ford could and did run under it, and the effect of the collision was to push the entire top of the coupé back. Apparently the Ford stopped practically at the point of collision and the investigating officers found it in the center of the road, mostly to the left of the center line. Both occupants were unconscious and were rushed to the Meriden hospital. Sigel was dead on arrival and Neville died about three hours later, without having regained consciousness.

Although there was no definite testimony as to which of the men was driving or was found behind the wheel after the accident, the jury might reasonably have inferred from the nature of their respective injuries and from the fact that Neville was driving when they left New Haven that he was the driver when the collision occurred. *Weidlich* v. *New York, N. H. & H. R. Co.*, 93 Conn. 438, 106 Atl. 323; 1 Wigmore, Evidence (2d Ed.) §§ 102, 237. It is conceded that the transportation was for the mutual benefit of both parties so that the guest statute is not applicable and available to absolve the driver from responsibility for mere negligence. *Kruy* v. *Smith*, 108 Conn. 628, 144 Atl. 304; *Russell* v. *Parlee*, 115 Conn. 687, 690, 163 Atl. 404. As the person charged with negligence as well as the plaintiff's decedent died as a result of the accident, General Statutes, Cum. Sup. 1931, § 598a, did not apply and the plaintiff had the burden of establishing her decedent's freedom from contributory negligence. The specifications of negligence in the complaint consist of excessive and reckless rate of speed, insufficient lookout, defective or insufficient headlights or brakes, and negligent disregard of other traffic on the highway.

There is no direct testimony as to the conduct of either of the two men or the movements of the car after they left New Haven, the deceased driver and the passenger being the only eyewitnesses. Such circumstantial evidence as is afforded by the known facts and the physical situation following the accident is the plaintiff's sole dependence in the attempt to establish negligence of Neville and the absence of contributory negligence of her decedent. The situation can be removed from the realm of inadmissible speculation and conjecture only if the available facts and inferences properly to be drawn from them are such that the jury might reasonably find therefrom a cause produced by negligence of the driver, to the exclusion of other causes not involving such negligence. The hypotheses which the plaintiff advances to that end are that, although Neville was driving along a straight road and the truck was ten feet high, seven and one half feet wide, and equipped with lighted tail-light and reflectors, he did not see it in time to avoid it, or that he saw it but misjudged its width and collided with it in attempting to pass. If the first of these was established—as it was by direct evidence in *Goulet* v. *Chase Companies, Inc.*, 112 Conn. 286, 290, 152 Atl. 59—a finding that Neville was negligent would be justified. If, on the contrary, he saw the truck, it might well be a jury question whether misjudgment of its width was negligence under the circumstances; moreover, negligence in this latter respect is hardly within the allegations of the complaint.

The speculative nature of the case is evidenced by the several further possibilities which the plaintiff suggests, although claiming to have negatived them. These include a sudden turning of the truck to the left as Neville was about to pass it, although McGuire denies this; interference by Sigel as by seizing Neville's

arm or the steering wheel, or involuntarily as by falling against him while asleep; or Neville, having had a long hard day and the hour being very late, may have fallen asleep at the wheel. It is claimed that these latter possibilities are controverted by circumstances indicating that there was no loss of control of the car, but we do not regard these facts as necessarily having the significance alleged. The defendant advances further possibilities which he urges as being reasonably inferable and not involving negligence—such as a sudden failure of lights or brakes, momentary distraction of the driver's attention, or faintness or other sudden seizure.

The existence of so many possibilities as to the cause of the collision and the lack of facts which point conclusively or significantly to any one of them as due to negligence of the defendant's decedent in any respect alleged, render the question of his negligence too conjectural and uncertain to warrant a verdict against the defendant. *Latham* v. *Hankey,* 117 Conn. 5, 166 Atl. 400. This conclusion renders discussion of the element of contributory negligence unnecessary, further than to observe that the situation with respect thereto involves like infirmities. The trial court was warranted in directing a verdict for the defendant.

There is no error.

In this opinion the other judges concurred.