LILLIAN LEVESQUE

*vs.*

FRED G. NANNY, D.B.A.
BEVERLY BEAUTY SALON

Cumberland.    June 16, 1947.

*Elton H. Thompson,*

*Walter F. Murrell,* for plaintiff.

*Walter M. Tapley,* for defendant.

SITTING: STURGIS, C.J., THAXTER, MURCHIE, TOMPKINS, FEL-
LOWS, JJ.

FELLOWS, J.   In this action the bill of exceptions says "this
was an action in a plea of the case for damages against said de-
fendant for negligence in the loss of a coat and a gold pin, which

was lost or stolen from a row of clothes hooks on the wall and where she had hung her coat while having her hair treated by said defendant. The case was tried in the Municipal Court upon an agreed statement of facts and briefs of law, and after judgment for defendant was appealed to the Superior Court, and there heard on the same statement of facts and briefs of law. Judgment for the defendant was rendered by said Superior Court." The case now comes to the Law Court from Cumberland County, on exceptions to the ruling of the Superior Court, with the same agreed statement of facts as a part of the bill.

This is the statement which was agreed to:

"That, to wit, on June 9, 1945, said plaintiff, in accordance with an appointment or contract previously made with defendant, entered said defendant's place of business for the purpose of having her hair treated. There being a row of clothes hooks on the wall with other clothing hanging thereon, she removed her coat, on which was attached a costume pin, and hung it on said rack. She proceeded to a chair selected for her by an operator and had her hair attended to, said process taking the usual period. When treatment was through, she went to the rack for her coat, which was not there, and after diligent search could not be located.

That said coat was a navy blue wool coat purchased of J. W. Palmer Co., on May 10, 1945, at a cost of Sixty-nine dollars and ninety-five cents, $69.95.

That said coat had been worn twice prior to said date alleged in this action.

That the costume pin attached to said coat was purchased at approximately the same time as said coat at a cost of Fifteen ($15.00) Dollars."

Under the plaintiff's declaration and the above agreed facts, the decision of this case depends upon the law relating to bailment of personal property. It is necessary that there should be

proof of actual or constructive delivery of the personalty to the bailee, and acceptance by him for a particular purpose, and upon an express or implied contract. *Frost* v. *Motor Co.*, 138 Me., 274, 277; 6 Am. Jur. "Bailments," Pars. 61-69; 6 C. J. "Bailments," 1084, 1103.

"The court cannot assume nor infer a fact not agreed upon by the parties." *Trafton* v. *Hill*, 80 Me., 503, 509. It does not appear in this case where the clothes hooks were, or that the coat was so located as to be considered in defendant's care or control rather than under the plaintiff's care. It does not appear that defendant or any agent or employee of defendant, at the time, saw or should know that plaintiff had a coat, or removed a coat, or saw or should know what she did with it. In fact circumstances are not stated to clearly show actual or constructive transfer of custody and control of the coat from the plaintiff to the defendant. "There being a row of clothes hooks on the wall with other clothing hanging thereon, she removed her coat, on which was attached a costume pin, and hung it on said rack," are the agreed facts.

However, if we should assume, without deciding, that there was delivery and acceptance, and that the coat was in the temporary control and under the exclusive care of defendant, there was no demand made by the plaintiff and no evidence of the defendant's negligence. "When her treatment was through, she went to the rack for her coat, which was not there, and after diligent search could not be located." A bailee is not an insurer. A demand must be made, and, negligence of the bailee must appear. *Sanford* v. *Kimball*, 106 Me., 355, 357; *Mills* v. *Gilbreth*, 47 Me., 320; *Bank* v. *Jackson*, 67 Me., 570; *Walters* v. *Garage Inc.*, 131 Me., 222.

Liability of a bailee does not necessarily follow because there is a loss and no explanation for the loss. There must be evidence of negligence. *Sanford* v. *Kimball*, 106 Me., 355; 6 Am. Jur. "Bailments," 326, 333, Pars. 242, 248.

The agreed facts do not show that the plaintiff is entitled to recover.

*Exceptions overruled.*