NORTHEAST AVIATION CO.

*vs.*

FREDERICK ROZZI

Cumberland.   Opinion, February 12, 1949.

*Charles A. Pomeroy,*
*Robinson, Richardson and Leddy,* for plaintiff.

*Robert A. Ferullo,*
*Harry E. Nixon,* for defendant.

SITTING: STURGIS, C. J., THAXTER, MURCHIE, TOMPKINS, FELLOWS, MERRILL, JJ.

THAXTER, J.   This is an action to recover for damages to an airplane belonging to the plaintiff suffered while it was in the possession of the defendant as bailee.   At the close of the plaintiff's case, the presiding justice granted the defend-

ant's motion for a nonsuit. The case is before us on exceptions to such ruling.

The plaintiff, the owner of an airplane, rented it to the defendant, who with a companion as passenger flew it from the airport where it was kept. Within the next two hours, it fell into the sea at Old Orchard and was wrecked. These facts are not in dispute. The ordinary rule is that for a bailor to recover for damages occasioned to property while in the possession of a bailee, negligence of the bailee must be proved, but such negligence is presumed from the failure of the bailee to return the property or from his failure to return it in good condition. If nothing more appears, a prima facie case is made out. *Mills* v. *Gilbreth,* 47 Me. 320; 74 Am. Dec. 487; *Sanford* v. *Kimball,* 106 Me. 355; 76 A. 890; 138 Am. St. Rep. 345. It then becomes the duty of the bailee, whose knowledge of the loss or damage is presumed from his possession, to explain the cause or at least to show that it happened without his fault. In the instant case, if the defendant claims that the damage is explained by the fall of the airplane into the ocean, he still is under the obligation to show that such fall was not occasioned by his fault; for the facts as to how and why it happened are peculiarly within his knowledge. But the plaintiff went further than at such stage of the proof he really needed to go by offering evidence from which the jury would have been justified in finding that the accident occurred because of the defendant's negligent operation of the plane.

We are somewhat mystified as to what is the argument to sustain this nonsuit; for it can hardly be contended that, where the defendant was in charge of the airplane when it left the field, the bailor must show by direct and affirmative evidence that the bailee was operating it at the time of the crash. Such is not ordinarily the rule in the case of an automobile. *A fortiori* it should not be the case of an airplane. *Sigel* v. *Gordon,* 117 Conn. 271; 167 A. 719.

*Exceptions sustained.*