GREEN *v.* STATE.

No. 39398          December 20, 1954          76 So. 2d 513

*L. C. Bridges,* Purvis; *Joseph H. Stevens,* Hattiesburg, for appellant.

*Wm. E. Cresswell,* Asst. Atty. Gen.; Jackson, for appellee.

ROBERDS, P. J.

Appellant Green was convicted of manslaughter in the killing of Mrs. Jimmie Dorine Tomlin as the result of his culpable negligence in the reckless operation of an automobile. He was sentenced to the state penitentiary for a term of two years. He appeals.

Green contended in the trial court, and again urges on this appeal, that the testimony was insufficient to sustain a conviction.

The proof on behalf of the State, which the jurors were amply justified in accepting, disclosed that about 10:30 o'clock on the night of February 13, 1953, Mrs. Tomlin and her three minor children and Mrs. King, her Mother, were traveling south in a Chevrolet automobile on U. S. Highway 11 about six miles north of Purvis, Mississippi. They were on their way home from a church meeting. Mrs. Tomlin was driving, Mrs. King was on the front seat beside her, holding the youngest child, about three years of age, and the other two children, nine and eleven years of age, were on the back seat. All of the children were asleep. Mrs. Tomlin was driving some thirty-five to forty miles per hour.

A Plymouth car, driven by Green, suddenly and violently ran into the rear of the Chevrolet car. The Chev-

rolet car was knocked some forty-two yards down the road, turned over more than once, and finally landed in a ditch to the right of the road, bottom side up with the front of the car headed back north, inflicting injuries upon Mrs. Tomlin, from which she died at a hospital later. The Plymouth car, after striking the Chevrolet, proceeded down and across the road to the east a distance of some twenty-one yards, striking one or two pine trees, practically demolishing the Plymouth car.

Highway 11 is a paved road and, in the vicinity of the collision, is practically straight north and south. The cars were proceeding down a slight decline, the top of the hill being some four hundred feet north of the place of the accident. It was a clear night.

Green and his brother were in the Plymouth. The brother was asleep and knew nothing of the facts until after the accident was over. They had spent the day at Hattiesburg and there is evidence both had been drinking intoxicants. Appellant himself testified he was running about sixty miles per hour. The Plymouth car skidded "straight down the road" 35 steps, or some 105 feet. Apparently this was before the Plymouth hit the Chevrolet.

As best we can tell Green endeavored to impose two defenses to this reckless conduct. He said that the top of the hill north of the Chevrolet car interfered with his seeing that car. Here is his version on that: "I come up a hill and kinder leveled off and started over another one, and first I started over that one and when my lights come down, I could see the bulk of the car, and I put on my breaks and done everything I could to keep from hitting." The proof of the State is that this was a slight incline; that it was four hundred feet from the top of the incline to the place of the accident, and that there was nothing whatever to prevent one passing over the ridge of the incline from seeing an automobile, going either north or south, at or in the vicinity of the place of collision. The other defense consisted in this: Green

says when he came over the top of the incline he thought he saw one or two lights to his left, and he concluded this would interfere with his passing the Tomlin car. He said ''I saw the lights over there and I didn't know whether it was a car coming or what it was. I didn't want to take a chance on it. I thought I had plenty of time to stop.'' This, of course, is vague and indefinite as to what he thought he saw. In addition the last quoted statement clearly indicates he saw the Chevrolet car, but nothing in this testimony, taken at its face value, explains why he did not run into it or pass it on the left. And, as to the lights he says he thought he saw, the proof of the State was to the effect that no motor vehicle of any kind was traveling that road, or in that vicinity or within sight, other than the two involved in this collision, at the time the unfortunate accident occurred. The jurors rejected the contentions of Green, as they had a right to do.

The conduct of Green, shown by the evidence of the State, established that he was culpably negligent and brought him within the rule of liability laid down in Smith v. State, 197 Miss. 802, 20 So. 2d 701, which rule has been followed in a number of subsequent cases, the latest being Coggins v. State, 222 Miss. 49, 75 So. 2d 258, where the facts are strikingly similar to the facts in the case at bar.

Affirmed.

*Hall, Kyle, Holmes* and *Gillespie, JJ.,* concur.