## MOORE *v.* STATE.

No. 41482 February 1, 1960 117 So. 2d 469

*Pierce & Waller,* Jackson, for appellant.

*G. Garland Lyell, Jr.,* Jackson, for appellee.

GILLESPIE, J.

Bennie Moore was convicted of manslaughter by culpable negligence. He ran his automobile into and fatally injured Patricia Taylor, an eight year old child. The jury was justified under the evidence in finding the facts as next stated.

The fatal accident occurred in Jackson, Mississippi, about 75 feet south of the intersection of Ash Street, which runs east and west, and Palmyra Street, which runs north and south. Signs on Palmyra Street restrict speed to 30 miles per hour. Moore traveled this street frequently. It is a thickly inhabited area with only one vacant lot on the block where the accident occurred. There are no sidewalks on either side of Palmyra Street and the houses are relatively close together and close to the street. Palmyra Street is 23 feet 10 inches wide south of Ash Street. The weather was clear; the street was dry. The fatal accident occurred about 11:30 A. M. The deceased had been playing with other children in a yard on the east side of Palmyra Street and started to cross the street from east to west. She waited at the east curb until a northbound vehicle driven by Mrs. Dean passed. When Mrs. Dean reached a point about 120 feet north of Ash Street, she met Moore who was traveling south on Palmyra Street at a speed of 55 to 65 miles per hour. Just where the child was at about this time is not clear but the jury could infer that she was crossing Palmyra. At any rate, the inference is permissible that Moore could have seen the deceased. Moore saw the deceased in time to effectively apply his brakes beginning at the south line of Ash Street, from which point his automobile skidded all four wheels a distance of 140 feet where the right front end hit a telephone pole located near the west curb of Palmyra Street. When his automobile hit the telephone pole, it was knocked to the left and thence went in a semi-circle to the right, coming to rest headed west in a driveway leading west

from Palmyra Street. After skidding about 84 feet south from the intersection, the right wheels of Moore's automobile jumped the west curb of Palmyra Street and continued skidding to the telephone pole with the left wheels in the street and the right wheels on the earth. The deceased was struck as the automobile was skidding about 75 feet south of the intersection of Ash and Palmyra Streets. Immediately after the accident the deceased was lying unconscious in the gutter near the telephone pole mentioned above. She died less than an hour later.

It would serve no purpose to set out Moore's testimony because the jury rejected it. The great weight of the evidence, including physical facts, contradicted his testimony.

Appellant assigns as error the action of the lower court in refusing a requested peremptory charge. This assignment of error raises two question: (1) Whether the proof established that appellant was guilty of that degree of negligence necessary under our decisions to sustain a verdict of manslaughter by culpable negligence, and (2) whether there was sufficient proof that the child died from the injuries sustained in the accident.

██ ██ Since the decision of this Court in Smith v. State, 197 Miss. 802, 20 So. 2d 701, 161 A. L. R. 1, the rule has been that in order to give the term "culpable negligence" in the statute its proper setting it should be construed to mean negligence of a higher degree than that which in civil cases is held to be gross negligence, and must be negligence so gross as to be tantamount to a wanton disregard of, or utter indifference to, the safety of human life, and that this shall be so clearly evidenced as to place it beyond every reasonable doubt. See also Reynolds v. State, 199 Miss. 409, 24 So. 2d 781; Brown v. State, 202 Miss. 202, 30 So. 2d 802; Downs v. State, 206 Miss. 831, 41 So. 2d 19; Coleman v. State, 208 Miss. 612, 45 So. 2d 240; Sullivan v. State,

213 Miss. 14, 56 So. 2d 93; Green v. State, 222 Miss. 510, 76 So. 2d 513. The rule is an abstract one and other words and phrases have and may be employed to amplify it.

█ █ In our opinion, the jury was fully justified in finding that the operation of an automobile at a speed of 55 to 65 miles an hour along a relatively narrow street in a thickly built up residential neighborhood constituted conduct incompatible with a proper regard for human life; and that a homicide was not improbable under all the facts existing at the time and place; and that appellant was guilty of culpable negligence as defined by the decisions of this Court.

█ █ Appellant also contends that the State failed to show that Patricia Taylor died as a result of the injuries sustained in the accident. The child was playing with other children a short time before she was run down by appellant. Immediately after being struck by the automobile, she was found in an unconsicous condition. She was rushed to a hospital where the physician found she was comatose, had severe head injuries, including what appeared to be fractures at the base of the skull, and multiple abrasions and contusions; her pupils were dialated and did not react to light. She died within an hour after being struck. It is true that the physician was not asked what caused the death of Patricia Taylor. Medical testimony as to cause of death is desirable but not always essential. It was not essential in this case. █ █ The child obviously and beyond any reasonable doubt died of the injuries sustained when she was struck by appellant's automobile. Cf. Watts v. State, 210 Miss. 236, 49 So. 2d 240.

Appellant assigns as error the admission in evidence of a chart over the objection of appellant. He contends that this was reversible error because (1) it was an advertisement of a certain brake lining for automobiles, and (2) at the top in large letters were the words,

"DRIVE CAREFULLY," followed by "KEEP YOUR BRAKES IN SAFE CONDITION." Appellant argues that this irrelevant matter was prejudicial and suggested if appellant had been driving carefully or had his brakes in safe condition, there would have been no fatal accident.

 We are of the opinion that the chart should not have been admitted, but it does not appear to us from a consideration of the whole record that the error was harmful. Therefore, it is not reversible error. Rule 11, Revised Rules of the Supreme Court. There was no issue regarding faulty brakes. The advertising material was itself irrelevant but we fail to see how it could have prejudiced appellant. The case was not a close one on the facts for the great weight of the evidence sustained the State's position.

We have reviewed several assignments of error based on the instructions and find no reversible error. After a careful review of the entire record and all contentions made by appellant we are of the opinion that the case should be and it is affirmed.

Affirmed.

*McGehee, C. J.,* and *Hall, Holmes* and *Ethridge, JJ.,* concur.