STATE of Maine

v.

Dale Brian PRICE.

Supreme Judicial Court of Maine.

Oct. 5, 1979.

Michael E. Povich, Dist. Atty., Sandra Hylander Collier (orally), Ellsworth, for plaintiff.

Karen Murphy, Searsport, Richard M. Dostie (orally), Belfast, for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, GODFREY, NICHOLS and GLASSMAN, JJ.

NICHOLS, Justice.

On this appeal the Defendant challenges the admissibility of certain evidence, and the sufficiency of the evidence, upon which he was convicted of manslaughter in Superior Court in Hancock County.

The evidence presented to the jury in that trial can be readily summarized.

On an evening in May, 1978, the Defendant, Dale Brian Price, was sitting on the steps of the Bucksport Public Library drinking beer with Charles Lavin and Vinal DeWitt. The Defendant mentioned that he heard there were fast cars in Bucksport and that he wanted to try his car against them. Tommy Leach drove by in his white Trans Am, and the Defendant arranged a race with him. The Trans Am left, and DeWitt watched the Defendant drive away with nineteen-year-old Charles Lavin in the passenger seat. DeWitt got a ride up U.S. Route 1 and, five minutes after watching him drive away, came upon the Defendant's car broken into two pieces at a spot 1.7 miles from the library.

Shortly before, Holly St. Louis was driving a white Firebird similar in appearance to a Trans Am. A car later identified as the Defendant's followed close behind her, and she speeded to sixty miles an hour to pass another car in order to shake the tailgating car. She testified that the tailgating car then passed her "like I was standing still." The car missed a turn, hit several trees, and broke in two, the sections landing over 150 feet apart.

The Defendant himself was unhurt. Charles Lavin had no visible injuries beyond choking, gagging, and bleeding from small cuts. However, his airway filled with blood faster than it could be removed by a medic who arrived promptly and attempted artificial respiration, and Lavin died a few minutes after the accident. No evidence indicated any pre-existing fatal condition.

On arriving at the scene, Officer Gray of the Bucksport Police Department asked the gathering crowd if they knew if anyone else was in the vehicle. The Defendant spoke up, saying that he was the driver, he was speeding, and it was his fault. While Gray was driving the Defendant to the police station, the Defendant asked if Lavin was dead. After hearing the affirmative answer, he again damned himself. Medic Craig Gerry overheard the Defendant making similar statements to his mother over the telephone.

The Defendant appeals the Superior Court's denial of his pre-trial motion to

suppress admissions and also its denial of his motion for acquittal at the close of all the evidence.

We affirm the Superior Court.

■ The State's failure to call a medical expert does not render the evidence insufficient for a jury determination on the cause of death.

Some jurisdictions have a *per se* requirement of expert testimony in homicide cases, but Maine is not one of them. The majority require expert testimony only when cause of death is too obscure for determination by the layman. 65 A.L.R.3d 283 (1975). We see no need for an absolute requirement or a mechanistic rule specifying situations where expert testimony will be required. Although in obscure cases no rational determination of the cause of death may be possible without the aid of expert opinion, in obvious cases expert testimony is merely cumulative.[1]

In this case, before the accident the nineteen-year-old victim was an apparently healthy young man. After the accident he was choking and gagging, and finally he was unable to breathe because of blood in his airway. He died minutes after the crash. Even though the victim sustained no visible injuries, his observed condition permits the factfinders to infer that the impact from the crash caused the injuries leading directly to the victim's death.

The motion for judgment of acquittal was properly denied.

■ We move on to a second point pressed by the Defendant on this appeal. Failure to give *Miranda* warnings does not require suppression of admissions unless the speaker was both in custody and under interrogation. *Miranda v. Arizona*, 384 U.S. 436, 444, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). This Defendant's admissions do not satisfy both requirements. When he admitted guilt in response to the police officer's general question to the crowd, he was not in

custody. The officer's question was not interrogation, but was a neutral, threshold question not requiring *Miranda* warnings. *State v. Simoneau*, Me., 402 A.2d 870, 873 (1979).

■ Similarly, the admission made while the Defendant was riding in the police car did not require *Miranda* warnings, because Officer Gray did not ask any questions. Rather, the Defendant asked Gray a question and then volunteered an admission. An officer has no duty to stop a defendant from making voluntary declarations. *State v. Peabody*, Me., 320 A.2d 242, 245 (1974). Likewise a defendant's spontaneous declarations made without prior warnings are admissible in evidence against him. *State v. Lafferty*, Me., 309 A.2d 647, 655 (1973).

■ The telephone conversation overheard by the medic was not a result of police interrogation. Again, no *Miranda* warnings were required.

■ As we move to a third point urged by the Defendant on this appeal, we find no merit in the argument that the Defendant's admissions are untrustworthy because he spoke while emotionally upset and while intoxicated. These factors may go to the weight of the evidence but do not render the statements inadmissible.

■ Admissions by a party-opponent lie outside the hearsay rule, M.R.Evid. 801(d)(2), and may be admitted as substantive evidence of the facts stated. The admissibility of such admissions is based, not upon a guarantee of trustworthiness, but upon the ground that a party cannot object to his failure to have a chance to cross-examine himself. R. Field and P. Murray, *Maine Evidence* § 801.5 (1976). The circumstance of this Defendant's unsettled condition merely alerts the jury to ponder the trustworthiness of his statements.

---

1. Many cases in other jurisdictions find cause of death in automobile accidents to be sufficiently clear not to require expert testimony. *See State v. Smith*, 37 N.C.App. 64, 245 S.E.2d 227 (1978), *State v. Engstrom*, 79 Wash.2d 469, 487 P.2d 205 (1971), *State v. Medicine Bull*, 152 Mont. 34, 445 P.2d 916 (1968), *Moore v. State*, 238 Miss. 103, 117 So.2d 469 (1960).

Intoxication, likewise, is not a basis for excluding admissions but is merely an additional factor in assessing the party's credibility.[2]

As a final point we consider the Defendant's assertion that there was insufficient evidence that he was the operator of the vehicle at the time of the crash.

No eyewitness testimony that the Defendant was driving is required. *State v. Rhoades*, Me., 380 A.2d 1023, 1024 (1977).

After the *corpus delicti* is established by a "probable cause" showing, a defendant's own admission may prove his participation. *State v. Hoffses*, 147 Me. 221, 225, 85 A.2d 919 (1952). Here, the Defendant himself stated to Officer Gray at the scene of the crash that he was the operator. Upon such evidence alone the jury could find beyond a reasonable doubt this element of the offense with which the Defendant was charged.[3]

The entry will be:

Appeal denied.

Judgment affirmed.

McKUSICK, C. J., and POMEROY, WERNICK, GODFREY and GLASSMAN, JJ., concur.

ARCHIBALD, J., did not sit.

---

2. Cases excluding statements made while under the influence of alcohol apply only where *Miranda* warnings were required. There the speaker's intoxication precluded effective waiver of his *Miranda* rights. *State v. Warner*, Me., 237 A.2d 150, 160 (1967); *State v. Peterson*, Me., 366 A.2d 525, 528 (1976).

3. The jury had before it on this issue more than the Defendant's admission. Vinal DeWitt testified that the Defendant was driving when he and the victim rode away from the library steps. Although impeached with minor inconsistencies and omissions, the issue of DeWitt's credibility was for the jury. *State v. Blier*, Me., 371 A.2d 1091, 1093 (1977). The jury could, if it chose to do so, rely upon DeWitt's testimony.

This witness' testimony that the Defendant was the operator five minutes and 1.7 miles before the crash permits the inference that the same operator was at the wheel when the vehicle struck the trees and broke apart. *See Northeast Aviation Co. v. Rozzi*, 144 Me. 47, 48, 64 A.2d 26, 27 (1949); and *Sigel v. Gordon*, 117 Conn. 271, 273, 167 A. 719, 720 (1933).