STATE OF MAINE                          SUPERIOR COURT
PENOBSCOT, SS.                          LOCATION: BANGOR
                                        DOCKET NO CR-06-556

STATE OF MAINE

    v.                          ORDER

WALTER DURGIN

FILED & ENTERED
SUPERIOR COURT

MAY 1 3 2008

PENOBSCOT COUNTY

Hearing was held on the defendant's motion to suppress on May 12, 2008. The State was represented by counsel, Alice Clifford, Esq., while the defendant was represented by counsel, Donald Brown, Esq. In this motion the defendant seeks suppression of the fruits of a warrantless search as well as a later search pursuant to a warrant, and also asks the court to exclude statements made by the defendant after his arrest. Because the parties agree that defendant did not properly request a hearing pursuant to Franks v. Delaware , the court will not consider the testimony of the witnesses that the state called at hearing with regard to the search pursuant to the warrant because that examination must be made based of the four corners of the warrant and affidavit only. Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed. 2d. 667 (1978).

The court makes the following findings with regard to the initial search, based on the testimony of the witnesses called at hearing:

1. Working with Newport police officer Wintle, a confidential informant agreed to purchase illegal drugs from her former boyfriend, Walter Durgin. Her interest in working with the officer was motivated by a desire to avoid an operating after suspension conviction. Before the Durgin buy, she had attempted to purchase

marijuana from two individuals, in her capacity as an informant, but had failed to successfully make a purchase.

2. The confidential informant arranged for Mr. Durgin to come to her apartment to sell heroin to her at a price between $250 and $300. She described the vehicle he would be driving to the officer and indicated that the purchase would take place around midnight and that Durgin would be driving to her apartment. She said she would come out of her apartment and go to the driver's side of the truck and give him the money and then he would pass the heroin to her. She indicated that Mr. Durgin had informed her that after he had picked up the drugs in Massachusetts, the return trip was long because of rainy driving conditions and a bridge closure. Officer Wintle used the internet to learn that a crane had collided with a bridge on Rt. 128 in Massachusetts, causing long delays on the previous day, which had been rainy.

3. Prior to midnight no officer searched the informant nor gave her buy money because it apparently had been planned that she would use her own funds. The transaction was not recorded by body wire or other similar device. Prior to midnight, Officer Wintle and several other officers set up in positions near the informant's apartment so that the transaction could be observed. From a distance of thirty to fifty yards officers observed a vehicle matching the informant's description of Durgin's vehicle arrive at the apartment and they observed a woman who appeared to be the informant come out of the house and approach the driver's side of the truck. Some of the officers had seen the informant before. They observed her reach into the vehicle to pass something to the driver and then saw the driver pass something to the informant. Although they were not able to observe what was exchanged, the size of the items was consistent with money and a small amount of drugs. They then charged the vehicle and apprehended Mr. Durgin, his female passenger, and the informant.

A warrantless search is lawful when the searching officers have probable cause to search for evidence or contraband and exigent circumstances exist which demand immediate search and seizure. State v. Dunlap, 395 A.2d 821 (Me. 1978). With regard to automobile searches supported by probable cause, such searches are lawful whether or not exigent circumstances prevailed at either the time of seizure or the time of the search. State v.Tarantino, 587 A.2d 1095 (Me. 1991). According to Tarantino, probable cause exists when then officers' personal knowledge of facts and circumstances, in conjunction with any reasonably trustworthy information conveyed to them, would cause a prudent person to believe that the vehicle contained contraband or evidence. In evaluating the existence of probable cause, including cases involving the assertions of confidential informants, the court must take into consideration the totality of the circumstances. State v. Knowlton, 489 A.2d 529 (Me. 1985).

In applying these principles to this case, the court finds that the initial seizure of the defendant and his companion and the immediate search of these two individuals and the vehicle were lawful. Even though the confidential informant's reliability was impeached to a degree by her previous failure to successfully purchase marijuana as an informer and one could conclude that her selfish motive in cooperating with the police impacted her credibility, this court concludes that the circumstances surrounding the search compel a finding of probable cause because the information she had given was corroborated prior to the search. Her statement concerning Durgin's difficulty in picking up the drugs in Massachusetts was corroborated. The officers also watched the purchase unfold exactly as she said it would. The Defendant in fact appeared at the informant's apartment in a vehicle matching the description that she had provided, she approached the driver's side and passed something into the vehicle and the driver in fact gave her something small in return. At that moment, either the officers were

observing a drug buy or a fairly sophisticated set-up of a person not selling drugs. Although either scenario is possible, a prudent person could reasonably conclude that the former was occurring. The resulting search was then supported by probable cause.

Having decided that the warrantless search was lawful, the court finds that the subsequent search pursuant to a warrant was also lawful, supported by the same information as discussed above which was included in the affidavit, buttressed by a description of the fruits of the first search, including contraband.

Finally the court addresses the admissibility of the defendant's statements. After arresting the defendant, Officer Wintle read <u>Miranda</u> warnings to the defendant who waived his rights and indicated that he would speak with the officer. Because the defendant denied that a drug purchase had just taken place, and denied that he possessed any illegal drugs, the officer stopped asking any questions and turned the defendant over to Officer Costain. While in that officer's presence the defendant said that some of the drugs were his and he was just trying to get through the weekend until he could enroll in a methadone program. The officer did not ask questions to elicit these statements, which the defendant made spontaneously. Based on these findings, the court finds that the statements are not the product of custodial interrogation and finds beyond a reasonable doubt that they were made voluntarily. <u>See State v. Price</u>, 406 A.2d 883 (Me. 1979), <u>State v. Bowden</u>, 342 A.2d 281 (Me. 1975).

Based on the above analysis, the court denies defendant's motion in all respects.

Dated: May 13, 2008

WILLIAM ANDERSON
JUSTICE, SUPERIOR COURT

ATTORNEY FOR THE DEFENDANT

DONALD BROWN ESQ
P O BOX 3370
BREWER   ME   04412


ATTORNEY FOR THE STATE

ALICE CLIFFORD
ASSISTANT DISTRICT ATTORNEY
97 HAMMOND ST
BANGOR   ME 04401