STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-09-446
NM -CUM -7/18/2011

PETER WARD,

       Plaintiff

v.

MB PROPERTIES, INC.,

       Defendant

ORDER ON DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT

Before the court is the defendant MB Properties, Inc.'s motion for summary judgment pursuant to M.R. Civ. P. 56. For the following reasons, the motion is granted.

BACKGROUND

The plaintiff owned a 45-foot Sonic motorboat, which he left at the defendant's storage facility in Windham, Maine, while he was out of the country. (S.M.F. ¶¶ 3, 11, 13, 14.) The plaintiff entered into a storage rental agreement with the defendant on December 22, 2007. (S.M.F. ¶ 9.) According to the agreement, the defendant agreed to store the plaintiff's boat from December 22, 2007 to May 1, 2008. (S.M.F. ¶ 11.) The storage rental agreement also provided, in relevant part:

> **Non liability of the Owner and Renters Insurance obligations**: The owner carries no insurance which in any way covers any loss that the renter may incur by use of the rented premises. Renter must obtain any insurance desired at his own expense. The owner is not liable for injury or damage to persons or property arising out of or related to renters use of the rented space. The owner shall not be liable for loss from theft, vandalism, fire, water, hurricane, tornado, rain or any other causes whatsoever.

(S.M.F. ¶ 12; McGoldrick Aff. Ex.) The plaintiff was aware of this provision when he signed the storage rental agreement. (S.M.F. ¶¶ 21-22.)

1

The plaintiff was out of the country from April 2008 until March 2010. (S.M.F. ¶ 14.) The plaintiff did not attempt to extend the storage rental agreement. (S.M.F. ¶¶ 11, 15, 17, 23.) While he was out of the country, the plaintiff also allowed his insurance on the boat to lapse. (S.M.F. ¶¶ 15, 23) The plaintiff's boat was destroyed in a fire in October 2008, along with the defendant's storage facility. (S.M.F. ¶¶ 14, 25, 26; S. Add'l M.F. ¶ 2.) The Maine State Fire Marshall declared that the fire was of unknown origin. (S.M.F. ¶¶ 25-28, 41.) The plaintiff admits that there is no evidence with regard to the cause of the fire. (S.M.F. ¶¶ 33-34, 41.) The plaintiff further admits that there is no evidence that the defendant's act, failure to act, or violation of the exercise due care caused the fire. (S.M.F. ¶¶ 35-40.)

DISCUSSION

I.    Standard of Review

Summary judgment should be granted if there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c). In considering a motion for summary judgment, the court should consider the facts in the light most favorable to the nonmoving party, and the court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. See, e.g., Johnson v. McNeil, 2002 ME 99, ¶ 8, 800 A.2d 702, 704. A contested fact is "material" if it could potentially affect the outcome of the case. Inkel v. Livingston, 2005 ME 42, ¶ 4, 869 A.2d 745, 747. "A genuine issue of material fact exists when there is sufficient evidence to require a fact-finder to choose between competing versions of the truth at trial." Id. When the facts offered by a party in opposition to summary judgment would not, if offered at trial, be sufficient to withstand a motion for judgment as a matter of law, summary judgment should be granted. Rodrigue v. Rodrigue, 1997 ME 99, ¶ 8, 694 A.2d 924, 926.

2

II.    Bailment

Generally, the first step in bailment cases is as follows:

> In a suit to recover damages against a gratuitous bailee the burden is upon the bailor to prove delivery of the goods to the bailee and, in the first instance, to prove refusal to redeliver on demand. This would make a prima facie case.

Chouinard v. Berube, 124 Me. 75, 75-76, 126 A. 180, 180 (1924). The parties in this case had a bailment relationship as the plaintiff delivered his boat to the defendant under an agreement that the defendant would store the boat for the plaintiff.[1] (S.M.F. ¶¶ 3, 11, 13, 14 17.) The defendant cannot deliver the boat to the plaintiff upon demand. (S.M.F. ¶¶ 25, 26; S. Add'l M.F. ¶ 2.) Accordingly, the plaintiff has raised issues of fact regarding a prima facie case which gives rise to a presumption of negligence. Chouinard, 124 Me. at 75-76, 126 A. at 180; Levasseur v. Field, 332 A.2d 765, 767-68 (Me. 1975).[2]

The parties disagree about the ultimate burden of proof once the plaintiff makes out a prima facie case of negligence. The next step, under Chouinard, is for "the bailee to explain the cause of his refusal, such as by showing the loss of the property by theft or burglary, or its destruction by fire or otherwise." 124 Me. at 76, 126 A. at 180. The defendant essentially claims that if they can show that a fire damaged the boat and that

---

[1] Bailment is defined as follows:
> In its ordinary legal signification, which conforms to modern authorities and is substantially accurate, the term may be said to import the delivery of personal property by one person to another in trust for a specific purpose, with a contract, express or implied, that the trust shall be faithfully executed and the property returned or duly accounted for when the special purpose is accomplished, or kept until the bailor reclaims it.

Frost v. Chaplin Motor Co., 138 Me. 274, 277, 25 A.2d 225, 226 (internal quotation omitted).

[2] The presumption of negligence may be defeated when the bailee was not in exclusive possession of the bail goods. Goudy & Stevens, Inc. v. Cable Marine, Inc., 924 F.2d 16, 19 (1st Cir. 1991). Here, the facts indicate that others had access to the storage facility. (S.M.F. ¶¶ 29-31.) The parties do not appear to dispute that the defendant had exclusive possession over the plaintiff's boat.

3

fire was not caused the defendant, the plaintiff cannot make out a prima facie case for negligence. (Def.'s Mem. at 4-9.) The plaintiff claims that once he has made out a prima facie case of negligence, the defendant must show more than a fire of unknown cause to rebut a presumption of negligence. (Pl.'s Mem. at 5-6.)

The Law Court has stated that to rebut the presumption of negligence, '"[it] then becomes the duty of the bailee, whose knowledge of the loss or damage is presumed from his possession, to explain the cause or at least to show that it happened without his fault."' Levasseur, 332 A.2d at 768 (quoting dictum in Northeast Aviation Co. v. Rozzi, 144 Me. 47, 48, 64 A.2d 26, 26 (1949)). The Court continued:

> This rule may not be as stringent as in those jurisdictions which require the bailee to come forward with affirmative evidence of due care. See Annot., 44 A.L.R.3d 171 (1972); Annot., 43 A.L.R.3d 607 (1972). Still, to exonerate the bailee from liability, it would appear that any explanation of loss or damage, or any showing that loss or damage occurred without fault, would in most cases be tantamount to a showing that the loss or damage of the bailed goods occurred under circumstances consistent with the exercise of due care by the bailee. Whether the bailee's conduct on the facts amounted to negligence would be a primary question for the factfinder. Sanford[v. Kimball,] 106 Me. [355,] 358, 76 A. [890,] 891 [(1910)]. Any explanation offered by the bailee in rebuttal of the presumption of negligence would ordinarily be subject to a jury determination as to credibility. See Portland Flying Service, Inc. v. Smith, Me., 227 A.2d 446, 448 (1967).

Id. at 768-69.

"Although summary judgment is typically inappropriate for resolving questions of fact such as this, a plaintiff must still establish in the summary judgment record evidence sufficient to create a question of fact, and summary judgment is appropriate if the non-moving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation." Flaherty v. Muther, 2011 ME 32, ¶ 51, 17 A.3d 640, 655 (quotation marks omitted). "To avoid a summary judgment, the party opposing the summary judgment motion must establish a prima facie case for each element . . . for

4

which it has the burden of proof." Flaherty, 2011 ME 32, ¶ 31, 17 A.3d at 651 (citing Reliance Nat'l Indem. v. Knowles Indus. Servs., Corp., 2005 ME 29, ¶ 9, 868 A.2d 220, 225).

The plaintiff rests solely on the presumption of negligence. There is no issue of fact that the plaintiff's property was destroyed by fire, that there is no evidence as to the cause of the fire, and that there is no evidence that any act, failure to act, or violation of due care by the defendant caused the fire. (S.M.F. ¶¶ 25, 26, 33-41; S. Add'l M.F. ¶ 2.) Accordingly, there is no issue of fact that the damage occurred because of the defendant's fault or under circumstances not consistent with the exercise of due care by the defendant. Levasseur, 332 A.2d at 768-69.[3] "Liability of a bailee does not necessarily follow because there is a loss and no explanation for the loss. There must be evidence of negligence." Levesque v. Nanny, 142 Me. 390, 392, 53 A.2d 703, 704 (1947). The plaintiff has no evidence of negligence and cannot survive summary judgment.

---

[3] It is generally "for the fact finder to determine whether the nonexistence of facts pointing to negligence was as probable as their existence." Levasseur, 332 A.2d at 769, as modified by M.R. Evid. 301(a). Additionally, it is "for the factfinder to assess the probative value of the bailee's explanation of the loss." Levasseur, 332 A.2d at 769.

The Court in Levasseur relied on the Hinds rule regarding presumptions. Levasseur, 332 A.2d at 768 (citing Hinds v. John Hancock Ins. Co., 155 Me. 349, 364, 155 A.2d 721, 730 (1959)). "Rule 301 supercedes the Hinds rule regarding presumptions." Theriault v. Burnham, 2010 ME 82, ¶ 9, 2 A.3d 324, 327 (citing Estate of Lewis, 2001 ME 74, ¶ 6, 770 A.2d 619, 622; Poitras v. R. E. Glidden Body Shop, Inc., 430 A.2d 1113, 1119 n.1 (Me. 1981)). Rule 301(a) states: "In all civil actions and proceedings, except as otherwise provided by statute or by these rules, a presumption imposes on the party against whom it is directed the burden of proving that the nonexistence of the presumed fact is more probable than its existence." M.R. Evid. 301(a).

> Essentially, the rule in civil actions place on the party against whom the presumption operates the burden of persuasion to show that the nonexistence of the presumed fact is more probable than its existence. When the basic fact is established and there is no evidence that the presumed fact is not true, the presumed fact must be taken as true, as in the past.

Field & Murray, Maine Evidence § 301.1 (4th ed. 1997).

5

III. Allocation of Risk of Loss

Although the above discussion is dispositive of this case, the defendant also claims that the plaintiff cannot survive summary judgment because he entered into the storage rental agreement, which shifted the risk of loss to the plaintiff. (Pl.'s Mem. 9-16.) Generally, contractual agreements to procure insurance "operate as waivers of subrogation . . . even for damage occasioned by . . . negligence, unless the contract provides otherwise." Acadia Ins. Co. v. Buck Constr. Co., 2000 ME 154, ¶ 15, 756 A.2d 515, 518-19.

> A waiver of subrogation is a provision by which parties to a contract relieve each other of liability to the extent each is covered by insurance, thereby shifting the risk of loss to an insurer. See Acadia Ins. Co. v. Buck Constr. Co., 2000 ME 154, ¶ 16, 756 A.2d 515, 519; Emery Waterhouse Co. v. Lea, 467 A.2d 986, 994-95 (Me. 1983). We have held that "waivers of subrogation are encouraged by the law and serve important social goals: encouraging parties to anticipate risks and to procure insurance covering those risks, thereby avoiding future litigation, and facilitating and preserving economic relations and activity." Acadia Ins. Co., 2000 ME 154, ¶ 18, 756 A.2d at 520.

Reliance Nat'l Indem., 2005 ME 29, ¶ 13, 868 A.2d at 225-26. The clause in the storage rental agreement is the type of waiver of subrogation encouraged by public policy.

As the plaintiff correctly asserts, however, there was no contract because the parties allowed the contract to lapse during the time that he was out of the country. (S.M.F. ¶¶ 14-15, 17, 23.) It is undisputed that the storage rental agreement provided for storage of the plaintiff's boat from December 22, 2007 through May 1, 2008. (S.M.F. ¶ 11.) The fire occurred on October 13, 2008, after the expiration of the storage rental agreement. (S.M.F. ¶ 14.) It is also undisputed that neither party made any attempt to renew the agreement or remove the boat from the defendant's property. (S.M.F. ¶¶ 16-17, 23.) Accordingly, the defendant cannot rely on an expired contract.

6

The entry is

> MB Properties, Inc.'s Motion for Summary Judgment on Peter L. Ward's complaint is GRANTED. Judgment is entered in favor of the Defendant, MB Properties, Inc. and against the Plaintiff, Peter Ward, on the Plaintiff's Complaint.

Date: July 18, 2011

Nancy Mills
Justice, Superior Court

CUM-CV-09-446

STATE OF MAINE
Cumberland, ss, Clerk's Office

JUL 18 2011

RECEIVED

7

CV-09.446

Peter Ward
(Anthony Pellegrini, Esq)

VS.

M B Properties, Inc.

(James Hunt)
ESQ